## JONES *vs.* UNDERWOOD.

Whatever questions or issues in an action are adjudicated by the court cannot again be the subject of inquiry. Consequently, the judgment may be set up as a bar to the same claim, in another action.

Where it appears on the very face of the judgment that the plaintiff's demand was not passed upon by the court, but that the plaintiff applied for a discontinuance, and on its being refused, he declined giving any evidence, and the court merely considered the counter-claim of the defendant, and gave a judgment in his favor, for the amount, the plaintiff may bring another suit, for the demand which he declined to submit for adjudication in the former action.

JOHN COCKLE sued the present defendants in the superior court of the city of New York, upon an alleged agreement between him and the defendants that, in consideration that he would obtain for them the sale of bonds of the Peoria and Oquawka Rail Road Company, they would give him one third of their commissions. The defendants answered and put in issue the allegations of the complaint, and also pleaded a set-off or counter-claim for money lent. There was no reply. The action was brought to trial, the parties appearing by their respective attorneys, and a motion on the part of the plaintiff for leave to discontinue having been denied, the cause was tried, (a trial by jury having been waived by the parties,) by Chief Justice Oakley, without a jury. The plaintiff offered no proof in support of his complaint, and judgment was, on the 19th day of January, 1855, rendered for the defendants for the amount of their set-off and costs, in all, $720.99. Cockle, thus defeated, on the 25th day of January, 1855, made an assignment to the present plaintiff, who thereupon brought the present suit, for the same cause of action, in this court. The defendants answered, traversing the complaint and pleading the judgment in the superior court, both as a set-off and in bar. The plaintiff replied, first, as a conclusion of law, that the judgment was not "a just and legal set-off" against the claim of the plaintiff, thereby admitting the judgment as stated; and secondly, that *the*

*plaintiff* did not bring the action to trial, and that no proceedings were had and no proofs presented *by him,* and that the judgment was only for the set-off of the defendants. The record of the judgment in the former action was offered by the defendants and received in evidence at the trial in this action, but was held to be a set-off only, and not a bar. The action was tried before a referee; who reported in favor of the plaintiff for the amount of his claim, and judgment was entered on his report. The defendants appealed to the general term.

*Wm. Bliss,* for the appellants.

*R. E. Mount, Jr.* for the plaintiff.

*By the Court,* CLERKE, P. J. Whatever questions or issues in an action are adjudicated by a court cannot again be the subject of inquiry, until the judgment is set aside by an appellate tribunal. Consequently such judgment can be set up as a bar to the same claim in another action. In the present case, it appears on the very face of the judgment that the plaintiff's demand was not passed upon by the court. It states expressly that the plaintiff applied for a discontinuance, and when that was refused, declined to give any evidence, and the court merely considered the counter-claim of the defendant, who in fact then became the actor in the suit.

We think the plaintiff had a right to maintain this action for the demand which he declined to submit for adjudication in the former action in the superior court.

As to the other objections, we consider them, on examination, untenable.

Judgment affirmed, with costs.

[NEW YORK GENERAL TERM, September 16, 1861. *Clerke, Ingraham* and *Leonard,* Justices.]