Willis T. Honsinger et al., Respondents, *v.* The Union Carriage and Gear Company, Appellant.

Counterclaim — When Judgment Rendered Thereon, on Defendant's Failure to Appear, Not a Bar to a Subsequent Action. Where the defendant in an action brought for the purchase price of goods sold and delivered to him interposed a counterclaim for a breach of warranty in the sale of such goods, which he afterward sought to withdraw and of which he gave no evidence, defaulting in appearance at the trial, the result of his failure to appear and sustain the counterclaim is, under section 974 of the Code of Civil Procedure, the same as a failure to appear and sustain a cause of action; the effect of the judgment obtained against him is nothing more than a nonsuit as to the counterclaim, and such judgment is not a bar to a subsequent action brought by him upon such breach of warranty against the plaintiff in the former action.

*Honsinger* v. *Union Carriage & Gear Co.,* 70 App. Div. 621, affirmed.

(Argued May 12, 1903; decided June 2, 1903.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered

March 15, 1902, affirming a judgment in favor of plaintiffs entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John Lansing* for appellant. The judgment in the former case, of the defendant against the plaintiffs, in the action for the balance of the contract price for these same carriages remaining unpaid, is a bar to this action. (*Averill* v. *Day*, 26 Hun, 319; *Lorillard* v. *Clyde*, 122 N. Y. 41; *Davis* v. *Tallcot*, 12 N. Y. 184; *Dunham* v. *Bower*, 77 N. Y. 76; *Barber* v. *Kendall*, 158 N. Y. 401; *Collins* v. *Bennett*, 46 N. Y. 490; *Gates* v. *Preston*, 41 N. Y. 113; *Blair* v. *Bartlett*, 75 N. Y. 150; *Reich* v. *Cochran*, 151 N. Y. 122; *Jordan* v. *Van Epps*, 85 N. Y. 427; *Brawner* v. *Fahy*, 64 App. Div. 122.)

*L. L. Shedden* for respondents. The former judgment was not a bar to this action. (*Mayor, etc.*, v. *Ketchum*, 67 How. Pr. 163; *Burwell* v. *Knight*, 51 Barb. 267; *Jones* v. *Underwood*, 35 Barb. 211; *Foster* v. *Milliner*, 50 Barb. 395; *Colwell* v. *Bleakly*, 1 Abb. Ct. App. Dec. 400; *Matter of Butler*, 101 N. Y. 309; *Raeder* v. *Lockwood*, 30 Misc. Rep. 531.) The counterclaim was not involved or comprehended in the former action. (*Bancroft* v. *Sheehan*, 21 Hun, 550; *Davis* v. *Tallcot*, 12 N. Y. 184; *Long* v. *Farrell*, 165 N. Y. 346; *Aurora City* v. *West*, 7 Wall. 106; *Dunham* v. *Bower*, 77 N. Y. 79; *Barber* v. *Kendall*, 1 App. Div. 247; *B. B. Co.* v. *Haley*, 16 App. Div. 489; *Young* v. *Farwell*, 165 N. Y. 341.)

Cullen, J. Undoubtedly a judgment is conclusive not only of the issues actually litigated in the action, but also of any matter necessarily comprehended and involved therein, although the same was not litigated. *Pray* v. *Hegeman* (98 N. Y. 351) states this rule clearly. But the question remains, did the recovery by the defendant in the action brought by it

for the purchase price of the goods necessarily involve the proposition that there had been no breach of the warranty given by it? I submit that that question is authoritatively determined by the decisions in this state. In *Cook* v. *Moseley* (13 Wend. 277) the action was for the breach of a warranty on the sale of a horse. The defendant pleaded in bar a former recovery in his favor against the plaintiff in an action brought for the price of the horse. It was held by the old Supreme Court that the judgment in the first action was not a bar to the second. That was the case of a present sale. It was mooted for some time whether there was not a difference in the rights and remedies of the parties in the case of an executory contract of sale, and it was questioned whether the right to recover for a breach of the warranty survived an acceptance of the articles sold. This question, however, was put at rest by *Day* v. *Pool* (52 N. Y. 416), where it was held that a warranty on an executory contract of sale survived acceptance and payment of the purchase price, and that for a breach an action might be maintained by the vendee. The same argument was made there that is made now, that fulfillment of the warranty was an integral part of the contract, compliance with which was necessary to entitle the vendor to payment, and that hence acceptance of the goods was an admission that the vendor had performed the contract. The claim was overruled.

The fact that the present plaintiff interposed in the first action a counterclaim for breach of the warranty, a counterclaim which he sought to withdraw and of which he gave no evidence, defaulting in appearance on the trial, gives the judgment recovered by the defendant no greater effect than otherwise would have been accorded to it. I concede that the notice of withdrawal was a nullity, and I also concede that a party has not the absolute right under all circumstances to withdraw a suit brought by him, and that the principle equally applies to a counterclaim. Doubtless the court may refuse to allow a suit to be discontinued where the discontinuance will prejudice the rights of the other party. But

suppose the court does refuse to allow a party to withdraw his action, the court cannot make him try his claim, and if he refuses to appear on the trial and the court dismisses his action, the effect is nothing more than a nonsuit. By section 974 of the Code the trial of a counterclaim is governed by the same rules as if the defendant had brought his affirmative action for the demand set up as a counterclaim. Therefore, the result of a failure to appear at trial and sustain a counterclaim is just the same as a failure to appear and sustain a cause of action. That a judgment on a nonsuit does not conclude the parties requires the citation of no authority.

The judgment should be affirmed, with costs.

BARTLETT, J. (dissenting). A brief history of this litigation will render clear the point of practice presented by this appeal.

On the tenth of January, 1895, the defendant company agreed in writing to sell to the plaintiff one hundred carriages at the aggregate price of $4,500.00, which agreement contained an express warranty as to certain details of the work.

In February, 1896, the defendant brought an action against the plaintiffs to recover a balance due of $426.80, with interest, for goods, wares and merchandise delivered, consisting principally of buggies, wagons, carriages, trimmings and fixtures.

The defendants in that action (the plaintiffs in this) interposed an answer by way of counterclaim setting up the contract of January 10th, 1895, together with the warranty therein contained and alleged the breach of the warranty resulting in damages to them of one thousand dollars.

The plaintiff in that action (the defendant in this) by reply duly served admitted the execution of the contract of January 10th, 1895, and denied each and every other allegation contained in the answer and counterclaim.

The action came on for trial at Circuit, the defendants failed to appear, the plaintiff proved its case and recovered judgment for the balance due as alleged in the complaint.

The reason for defendants' failure to appear in the action will be presently stated.

In October, 1896, the present action was begun, wherein the defendants in the former action set up the contract of January 10th, 1895, the warranty and its breach alleging damages in the sum of two thousand dollars. The defendant herein answered pleading the former recovery in bar.

The referee before whom this case was tried held that the former action was not a bar, as the alleged breach of warranty was not litigated therein; he thereupon ordered judgment in favor of plaintiffs.

The question presented by this appeal is purely one of practice and does not involve directly the law of express warranty.

Several legal propositions were argued at the bar by the respondents and may be conceded as sound, to wit: That no particular form of words is necessary to create a warranty, and that the word " warrant " need not occur specifically in the contract; that the contract involved in this litigation contains an express warranty; that an express warranty survives the acceptance of goods and the payment of the purchase price; that in a certain sense the contract of express warranty is regarded as entirely distinct from that of the sale and an action upon which can be brought after acceptance and payment; that it is optional with the defendant when sued for the purchase price to plead damages under the express warranty by way of counterclaim, or resort to an independent action.

This brings us to the precise question of practice now presented. In the former action the defendants therein (the plaintiffs here) elected to interpose by way of counterclaim their alleged damages, arising from breach of the express warranty, and issue was duly joined thereon by service of reply, as already stated. The question is whether those issues as thus joined were legally removed from the case by any action of the defendants therein, it being claimed that their counterclaim was duly withdrawn.

It appears that after the case had been noticed for trial, the defendants served notice on the plaintiff to the effect that the answer was withdrawn. At the trial the defendants

failed to appear and the plaintiff duly recovered for the balance due upon the contract of sale.

The preliminary point is raised that the plaintiff in the former action waived its right to insist that the counterclaim had not been legally withdrawn by reason of failing to return the notice served upon it. If the notice of withdrawal was an absolute nullity, the plaintiff was not required to return it, and its failure to do so could not give life and effect to a void paper.

Rule 19 of the General Rules of Practice of the Courts of Record provides in detail how certain papers shall be prepared, and that they must conform to section 796 of the Code of Civil Procedure. The rule then states: "The party upon whom the paper is served shall be deemed to have waived the objection for non-compliance with this rule, unless within twenty-four hours after the receipt thereof he return such paper to the party serving the same, with a statement of the particular objection to its receipt; but this waiver shall not apply to papers required to be filed and delivered to the court."

It is obvious that this rule only applies to papers that can be properly served in due course of procedure, and has no reference to an unauthorized and void notice.

If the defendants in the former action desired to secure the withdrawal of their counterclaim two courses were open to them: they could have moved for permission to withdraw the counterclaim on such terms as the court in its discretion deemed proper under the circumstances, or they could have appeared at the trial and there moved to be permitted to submit to a nonsuit as to the counterclaim. The defendants failed to avail themselves of either of these remedies, and the question is, what was the situation at the close of the trial when the seller recovered his judgment for the balance of the purchase price due and unpaid.

The rule is well established that the discontinuance of an action or the withdrawal of a counterclaim is by motion, which is an appeal to the discretion of the court.

In *Matter of the Petition of Butler* (101 N. Y. 307) Judge

Finch clearly states the rule (p. 309): "Ordinarily a suitor has a right to discontinue any action or proceeding commenced by him, and his reasons for so doing are of no concern to the court. A party should no more be compelled to continue a litigation than to commence one, except when substantial rights of other parties have accrued and injustice will be done to them by permitting the discontinuance."

In *Matter of Waverly Water Works Company* (85 N. Y. 478) it was held that the court having the right in its discretion to refuse leave to discontinue an action or special proceeding can determine upon what terms it can grant relief; its discretion in this respect is not limited to the payment of costs.

In *Carleton* v. *Darcy* (75 N. Y. 375) it was held that it is in the discretion of the court whether to grant or refuse an application for leave to discontinue an action on payment of costs; that there is no valid discontinuance without an order of the court, and while as a general rule plaintiff may on payment of costs enter an order of discontinuance, giving notice thereof, and the cause is thereby discontinued, that the court has the right to control the order, and where circumstances exist making a discontinuance without terms inequitable, the court may refuse it altogether, except upon terms, and may open an order *ex parte*.

In *Young* v. *Bush* (36 How. Pr. 240) the Monroe General Term held that the right of plaintiff to discontinue an action is not absolute; it is to be exercised under the control of the court and equitable terms may be imposed in proper cases, and the right to discontinue may be disallowed in the discretion of the court or restricted upon equitable considerations.

The cases are very numerous which recognize the right of parties to discontinue actions and counterclaims on motion made prior to or at the trial. They are illustrated by the following: *Knauth* v. *Wertheim* (26 Abb. N. C. 369); *Brown* v. *Butler* (58 Hun, 511); *Jones* v. *Underwood* (35 Barb. 211); *Mayor* v. *Ketchum* (67 How. Pr. 161.)

Judge Rumsey, in his work on Practice (Vol. 2 [1st ed.], p. 156), says: "Where the defendant has in good faith set up a counterclaim, by which he seeks to enforce his rights as against the plaintiff, or upon which he seeks to obtain affirmative judgment, the courts are inclined to require the plaintiff's action to continue until the rights of the parties are settled, instead of discontinuing one action only that another must be commenced. (*Carleton* v. *Darcy,* 75 N. Y. 375.)"

It is reasonable to assume that if the defendant has acquired certain rights by setting up a counterclaim, thereby compelling the plaintiff to continue his action, in the discretion of the court, it should be equally true that if the plaintiff has gained any advantage by reason of the issues joined under the counterclaim, the action should also continue in his interest.

This case seems to be brought precisely within the exception stated by Judge Finch in *Matter of the Petition of Butler* (101 N. Y. 309), already quoted. The learned judge thus states the exception: "A party should no more be compelled to continue a litigation than to commence one, *except where substantial rights of other parties have accrued and injustice will be done to them by permitting the discontinuance.*"

The complaint in the first action was general in form and alleged goods, wares and merchandise sold and delivered, consisting principally of buggies, wagons, carriages, trimmings and fixtures, no reference being made to the contract of January 10th, 1895.

The defendants in pleading their counterclaim made specific reference to this contract; alleged that the goods were delivered thereunder; that an express warranty was contained therein; that there had been a breach thereof to their damage of a thousand dollars.

The reply of the plaintiff admitted the contract and that the action was based thereon, thus establishing the fact that the counterclaim was not a claim based on an independent cause of action on contract, but was a cause of action arising

out of the contract or transaction set forth in the complaint as permitted by the Code.   (§ 501, subd. 1.)

The defendants in the first action having failed to legally withdraw their counterclaim were precisely in the same position as if the damages arising upon a breach of warranty were the ordinary damages pleaded as a defense, where personal property sold proved to be defective in quality or in workmanship.   In other words, the right to litigate the breach of warranty in a separate action was waived by the course of procedure, and the question of damages, if any, was one of the issues involved in the action.

It thus became a case in which two claims could not coexist; where, if the plaintiff was entitled to have his claim allowed, the defendants would be precluded from recovering.   (*Davis* v. *Tallcot,* 12 N. Y. 184; *Bellinger* v. *Craigue,* 31 Barb. 534; *Gates* v. *Preston,* 41 N. Y. 113; *Blair* v. *Bartlett,* 75 N. Y. 150.)

In *Schwinger* v. *Raymond* (83 N. Y. 192, 197) Judge DANFORTH, in referring to these cases, said: " They went upon the ground that the plaintiff's cause of action could be made out only by overcoming the defendant's claim that if the latter was well founded it would defeat the former, and a recovery by either would be a conclusive answer to any demand made by the other, because the litigation provoked by either would necessarily involve the matter upon which both must rely, and it could not be again litigated.   Thus a recovery by a physician or surgeon for his fees for services rendered (*Bellinger* v. *Craigue; Gates* v. *Preston; Blair* v. *Bartlett*), or by a manufacturer for the price of the machine (*Davis* v. *Tallcot*), would bar an action by the patient in the first case, or the purchaser in the second, for damages by reason of non-performance of the contract upon which the fee or price depended, because, except upon proof or admission of performance, the plaintiff could not have recovered."

So in the first case pleaded as a bar, plaintiff's right to recover a balance due under the contract of sale involved performance and was wholly inconsistent with the claim that

the defendants were entitled to damages by reason of the breach of an express warranty which involved the quality and workmanship of the carriages furnished.

It cannot now be said that when the defendants left the issues as joined, standing in the former action at the time of the trial, that their failure to appear at the trial was nothing more than submitting to a nonsuit as to the counterclaim. That result could only be accomplished as before stated by an independent motion or by request at the trial to submit to a nonsuit as to the counterclaim.

The defendants' course of procedure in the former action was unauthorized and void and deprived the plaintiff of the right to insist in court that the case proceed under the issues framed.

The remaining question is what was the effect of the judgment rendered under these particular circumstances in the first action, awarding to the plaintiff the balance claimed by it to be due and unpaid under the contract.

It is well settled that the estoppel of a former judgment extends to every material matter within the issue which was expressly litigated and determined, and also to those matters which though not expressly determined are comprehended and involved in the thing expressly stated and decided, whether they were or were not actually litigated or considered. (*Pray* v. *Hegeman*, 98 N. Y. 351; *Smith* v. *Smith*, 79 N. Y. 634; *Malloney* v. *Horan*, 49 N. Y. 111; *Young* v. *Farwell*, 165 N. Y. 341, and many other cases.)

The judgment appealed from should be reversed and a new trial ordered, with costs to the defendant to abide the event.

Parker, Ch. J., Haight, Martin, Vann and Werner, JJ., concur with Cullen, J.; Bartlett, J., dissents.

Judgment affirmed.