### WEINMAN v. SALIT.   (No. 209.)

(Supreme Court, Appellate Term, Second Department.   May 22, 1914.)

1. JUDGMENT (§ 585*)—RES JUDICATA—COUNTERCLAIMS.

A judgment does not bar an independent action on a claim set forth as a counterclaim not necessarily in conflict with the cause of action sued on and not passed on by the court, but bars a subsequent action on a claim inconsistent with the cause of action sued on.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1062–1064, 1067, 1073, 1084, 1085, 1092–1095, 1132; Dec. Dig. § 585.*]

2. JUDGMENT (§ 619*)—RES JUDICATA—COUNTERCLAIMS.

A judgment foreclosing a second mortgage bars an action by a third mortgagee to recover from the second mortgagee an advancement to keep alive the first mortgage under an agreement with the mortgagor and the third mortgagee that the second mortgagee would make no claim until the mortgagor had paid to the third mortgagee from the rents the amount advanced where the third person who was a party to the foreclosure action failed to set up the defense based on the agreement.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1132, 1667; Dec. Dig. § 619.*]

Appeal from Municipal Court, Borough of Brooklyn, Seventh District.

Action by Julius Weinman against Michael Salit. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Reversed, and judgment absolute given to defendant.

Argued May term, 1914, before MADDOX, ASPINALL, and CRANE, JJ.

----

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Ralph K. Jacobs, of Brooklyn, for appellant.

Barnett E. Kopelman, of New York City, for respondent.

CRANE, J.　One Fiege Flashenberg was the owner of 676 Rockaway avenue on which there were three mortgages, the first held by the Title Guarantee & Trust Company, second, a mortgage of $2,600 held by the defendant, Michael Salit, and a third of $1,000 held by the plaintiff, Julius Weinman.

In November of 1909 there was $680 due for taxes and interest upon the first mortgage.　Salit, the second mortgagee, sent for the owner and the third mortgagee and stated that this amount must be paid.　He agreed to advance $480 for the purpose, and Weinman agreed to advance the remaining $200.　The agreement between the parties appears to have been that Mrs. Flashenberg would pay the rents every month to Salit until the $480 advanced by him was repaid, and that then she would pay the rents to Weinman until his $200 was repaid.　Salit further agreed that he would not ask for any money on his second mortgage until Weinman had been repaid by the rents.

Later and in May of 1910, there was $170 interest due on the first mortgage, and Weinman and Mrs. Flashenberg were again called to Salit's office.　Under the same agreement or arrangement between them, Weinman advanced $170 to pay the interest.　It was then stated by Salit to them that the rents of the property had reduced his $480 to $46, and that after he had taken the June rent the owner of the equity would pay the July rent to Weinman, and that he (Salit) would ask for no money on his mortgage until the rents from the property had repaid to Weinman the $370 that he had advanced.　Mrs. Flashenberg testifies that in this interview Salit distinctly told her to pay the rents after June to Weinman until the $370 was repaid.

This money advanced by Weinman was paid directly to Salit, who applied it to the taxes and interest due on the first mortgage.

Two weeks after this last interview, Salit commenced an action to foreclose his mortgage making Flashenberg and Weinman parties thereto.　Weinman served an answer in that action, in which he set up as a separate and distinct defense the facts relating to his advancement of $170 to cover the interest due upon the first mortgage, and the agreement of the plaintiff, Salit, to make no claim under his mortgage until he (Weinman) was repaid the installments due from the defendant Flashenberg.　The defendant Weinman having defaulted upon the trial, the court found that there was $2,600 due Salit, the amount of the mortgage, and decreed a sale which was carried out by the property being sold to Salit in May of 1911 for $2,000 over and above the first mortgage.

Weinman has now brought this action to recover the $370 advanced to Salit upon the above state of facts, and after a trial before a jury has received a judgment for that amount with costs and disbursements.

Besides a general denial pleaded by the defendant, it is claimed that the judgment in the foreclosure action is res adjudicata as to the plaintiff's claim, and therefore a bar to his recovery.

[1] If Weinman's agreement was a counterclaim not inconsistent with the right of Salit to recover at the time upon his mortgage, there would be no legal objection to the former bringing an independent action such as this against the latter. The fact that he was a party to the foreclosure suit and had even set forth his claim in an answer would not amount to a bar unless that claim had been passed upon. Honsinger v. Union Carriage & Gear Company, 175 N. Y. 229, 67 N. E. 436. But if Weinman's agreement was inconsistent with the claim of Salit to the present payment of his mortgage, he, having been a party to the foreclosure suit, would be barred from subsequently bringing another action, even though he had defaulted. A judgment finding the mortgage due would be res adjudicata upon every claim to the contrary. Blair v. Bartlett, 75 N. Y. 150, 31 Am. Rep. 455.

[2] Nowhere in this case does it appear that Salit ever promised to pay Weinman the $370 advanced to keep alive the first mortgage. The agreement with the mortgagor and the third mortgagee was that the second mortgagee would make no claim for his interest or principal until the mortgagor or owner of the equity had paid to the third mortgagee from the rents of the property $370. This was a binding agreement and could have been enforced, and was inconsistent with the claim of the second mortgagee to the immediate payment of his mortgage. Weinman, the third mortgagee, should have pleaded these facts in the foreclosure suit to which he was a party, and having failed to do so, or to there litigate the question, he is now barred from maintaining this action upon the alleged agreement. The finding of the judgment in the foreclosure case that the second mortgage was due and payable could not be true if Salit had agreed with Flashenberg and Weinman for a valuable consideration that he would subordinate his second mortgage to the payment by the mortgagor of the $370 due Weinman out of the rents.

The judgment for the plaintiff and the order denying the motion for a new trial are reversed and set aside, and, as it is impossible for the plaintiff to recover upon the facts alleged, judgment absolute is given to the defendant, with the costs of the last trial and the appeal. All concur.