SCHENECTADY HOLDING COMPANY, INC., Respondent, *v.* EDWARD B. ASHTON, Appellant.

Third Department, January 20, 1923.

Trial — stay of proceedings — action by landlord to recover possession of premises in which answer had not been served will not be restrained in action by tenant to have it adjudged that landlord holds title as trustee of tenant — error to grant injunction on ground that it would do no harm — Special Term should not ordinarily interfere with trial court in control of calendar.

An action in the Supreme Court by a landlord to recover the possession of premises from the tenant, on the ground of non-payment of rent and other breaches of the lease, in which an answer has not been interposed, should not be restrained in an action in the Supreme Court by the tenant against the landlord to have it adjudged that the landlord holds the title to the premises as trustee of the tenant, and that he be ordered to convey the property to the tenant, which action is brought on the ground that the landlord while president of the tenant and a member of its business committee purchased the property from the original landlord in violation of the tenant's rights and to its prejudice and in violation of the landlord's official and trust duties to the tenant; the tenant will not suffer damage because the two cases are left to the discretion and control of the trial court.

The injunction should not have been granted by the Special Term on the ground that to grant it would do no harm.

Without substantial ground the Special Term should not interfere with the trial court in the control of its calendar.

APPEAL by the defendant, Edward B. Ashton, from an order of the Supreme Court, made at the Washington Special Term and entered in the office of the clerk of the county of Schenectady on the 2d day of January, 1923, directing, among other things, that the defendant be restrained during the pendency of this action from prosecuting or proceeding in any manner in an action in the Supreme Court, Schenectady county, wherein Edward B. Ashton is the plaintiff and the Schenectady Holding Company, Inc., is the defendant.

*Edgar T. Brackett* [*Sheridan P. Wait* and *Spencer B. Eddy* of counsel], for the appellant.

*Leary & Fullerton* [*John T. Norton* and *Walter A. Fullerton* of counsel], for the respondent.

VAN KIRK, J.:

On October 27, 1921, Edgar T. Brackett, then the owner of the Mohawk Hotel property in the city of Schenectady, leased it to the plaintiff for a term of four years, from February 1, 1922. The lease contained a clause giving the tenant an option to renew the lease for an additional four-year term, unless the landlord shall " have given the tenant notice prior to September 1, 1925, that he has sold said premises. If the landlord shall give said notice of said sale, said option of renewal shall be void." Also the tenant contracted to " abide by all the terms and conditions of the lease, and to peacefully quit and surrender the premises at the end of the term, or the sooner termination of this lease." On September 1, 1922, Edgar T. Brackett conveyed the property in fee simple to the defendant Ashton, and on the same day gave notice to this plaintiff that he had so conveyed the property. On October 18, 1922, Ashton served a written demand on the plaintiff for the payment of the rent due October 15, 1922. The plaintiff refused to make payment, and Ashton began an action to recover possession of the premises for non-payment of rent, also alleging two other breaches of the lease on the part of this plaintiff. On or about November 28, 1922, this action was begun, alleging substantially the facts above stated, and that Ashton procured the deed of the hotel property to himself in violation of plaintiff's rights and to its prejudice, and in violation of Ashton's official and trust duties as president of the plaintiff, and demanding, among other things, that it be adjudged that Ashton holds the title as trustee of the plaintiff and that he be ordered to convey the property to the plaintiff. On December 9, 1922, the order appealed from was made.

We think that paragraph of the order which restrains Edward B. Ashton from prosecuting his action against this plaintiff for recovery of the possession of the premises should not have been made. So far as Edgar T. Brackett is concerned, no charge of conspiracy, fraud, deceit or collusion is charged. His right to sell the property is recognized in the lease; the notice of the sale, which terminated the option, was given within the exact terms of the lease and relieved him from all further obligation or liability in connection with the property and the lease, unless it be an obligation on the bond secured by the mortgage. His grantee, Ashton, would be entitled to payment of the rent except that the grantee is charged with

acting in violation of his duties to this plaintiff, because, being the president of the plaintiff and a member of its business committee and, therefore, thoroughly conversant with the prosperous condition of the business, he could not purchase the property to his individual interest, but his purchase must be held to be for the corporation plaintiff. No answer had been served in the action begun by Ashton prior to this action. The only defense possible in the Ashton action under the facts disclosed in the record is set forth or suggested in the complaint in this action. The defendant in the Ashton action could avail itself of this defense. (Civ. Prac. Act, § 262.) With such defense pleaded there would be before the court an action at law, triable by jury, for possession of the premises, and an action in equity, triable by the court. When such an action is moved for trial there is substantial authority that the trial court would be justified, if it saw fit, in determining the equitable issue first, and, if the tenant failed on this issue, to proceed with the trial under the complaint. (*Rubenstein* v. *Radt*, 133 App. Div. 57; *Goss* v. *Goss & Co.*, 126 id. 748.) Unquestionably this plaintiff was not required to plead its defense as a counterclaim in the Ashton action; but without that defense, as above stated, it would appear that Ashton must succeed. When plaintiff brought this separate action in equity there were presented to the court in two actions the same issues which would have been presented had it elected to plead its defense in the Ashton action, and the trial court has well said that the question presented before it on the motion was academic. The court granted the injunction restraining the Ashton action largely because it would do no harm. We think an injunction ought not to be granted upon this ground, and that without substantial ground the Special Term should not interfere with the trial court in the control of its calendar. Under the well-recognized authorities we think this plaintiff could not suffer damage because the control of the two cases is left to the discretion and control of the trial court.

The order appealed from should be modified by striking out that paragraph which restrains the prosecution of the Ashton action, and as so modified affirmed, without costs.

Present — H. T. KELLOGG, Acting P. J., KILEY, VAN KIRK, HINMAN and HASBROUCK, JJ.

Order modified by striking therefrom the paragraph restraining the prosecution of or proceeding in any manner in the action of Edward B. Ashton against Schenectady Holding Company, Inc., and as so modified unanimously affirmed, without costs.