GEORGE HARTT, Appellant, *v.* WILLIAM SPITZ, Respondent.

Supreme Court, Appellate Term, Second Department, January 15, 1926.

**Appeal — no appeal from decision — judgment — res judicata — judg‑ment not bar to action on claim that could have been pleaded in prior action as counterclaim.**

No appeal lies from a decision of the trial court to dismiss the complaint; an order is necessary.

A judgment in a prior action is not a bar to an action by the defendant therein on a claim which might have been pleaded in the prior action as a counterclaim where the counterclaim was not necessarily involved in the determination of the plaintiff's claim in the prior action.

APPEAL from a judgment of dismissal and an order of the Municipal Court, Brooklyn, Fifth District, in an action to recover the balance of the purchase price of an automobile.

*Max E. Greenberg*, for the appellant.

*John Cincotta*, for the respondent.

PER CURIAM. Judgment, in so far as it dismissed plaintiff's complaint, unanimously reversed upon the law and new trial granted, so far as the complaint is concerned, with thirty dollars costs to appellant to abide the event. Appeal from order directing dismissal of complaint is dismissed. There is no such order — merely the decision of the court.

It was error for the trial court to hold that the judgment in the prior action, even had it been in evidence, was a bar to the present action. A judgment is conclusive not only of the issues actually litigated in an action but also of any matter necessarily comprehended and involved therein, although not litigated. (*Pray* v. *Hegeman*, 98 N. Y. 351; *Griffin* v. *Long Island R. R. Co.*, 102 id. 449.) But that rule does not bar a party from suing later in a separate action upon a claim which he could have interposed as a counterclaim in the prior action, but did not do so, where the counterclaim was not necessarily involved in the determination of the plaintiff's claim.

A party may interpose a counterclaim or withhold it and make it the subject of a separate action at his election. If he fails to interpose it as a counterclaim he is not barred from thereafter

asserting it. (*Brown* v. *Gallaudet*, 80 N. Y. 413, 417; *Rosenberg* v. *Slotchin*, 181 App. Div. 137, 139; *Honsinger* v. *Union Carriage & Gear Co.*, 175 N. Y. 229; *Schenectady Holding Co.* v. *Ashton*, 197 N. Y. Supp. 476, 479; affd., 204 App. Div. 348; *Silberstein* v. *Begun*, 232 N. Y. 319, 323, 324.)

Present, CROPSEY, MacCRATE and LEWIS, JJ.