GLOBE CRAYON CO., INC., Respondent, v. MANUFACTURERS CHEMICAL CO., INC., Appellant.

First Department, December 19, 1941.

*Paul Moskowitz* of counsel [*Isaac Perlman*, attorney], for the appellant.

*Frederick E. Zane* of counsel [*Zane & Lippner*, attorneys], for the respondent.

DORE, J. By leave of this court defendant appeals from a determination of the Appellate Term affirming without opinion a judgment for $1,098 in plaintiff's favor entered on a jury's verdict after trial before the court and a jury in the Municipal Court of the City of New York, Borough of Manhattan, Third District. The recovery was based on the claimed breach by defendant of an alleged oral contract between plaintiff and defendant under the terms of which plaintiff said defendant was to deliver 28,000 pounds, or fourteen tons, of stearic acid. Plaintiff claimed it was compelled to purchase similar goods elsewhere at a higher price and to use an available substitute.

Prior orders for which in each case there was a written invoice had been delivered to plaintiff by defendant but not paid for. Defendant, through an assignee, sued plaintiff in the Municipal Court, First District, Borough of Brooklyn, to recover the $548.70 due and unpaid for the shipments of stearic acid under such prior written orders. Plaintiff herein (defendant in that action) interposed the present claim as a counterclaim therein. After a trial the court awarded this defendant judgment for the full amount on the merits. That judgment, affirmed by the Appellate Term of the Second Department, was in favor of an assignee and was granted expressly without prejudice to the counterclaim asserted by this plaintiff (defendant therein), and, accordingly, we think it may not be held *res judicata* on the issues in this action.

There was no invoice, written order or any writing covering the claimed contract for 28,000 pounds. Essentially the issue was whether certain subsequent deliveries had been made as part of a 28,000-pound oral contract, as plaintiff claimed, or in part fulfillment of prior orders for which defendant had accepted trade acceptances. In the prior written orders all the terms were agreed upon. In the alleged oral contract plaintiff claimed installment deliveries were to be made as required during a four months' period.

Although the oral contract was claimed to have been made in August, 1939, plaintiff wrote defendant on September 9, 1939, but said nothing about a 28,000-pound or fourteen-ton contract. On the dates of the alleged breach it appears there was available in the New York market sufficient stearic acid to supply plaintiff's

requirements. Hence plaintiff had no right to charge the seller (defendant) with the price plaintiff claimed to have paid for a substituted article, stear base, which for equivalent efficiency in use required one and a half pounds as against one pound of stearic acid. In no event was plaintiff entitled to more than the difference between the contract price and the current or market price at the time of the alleged breach. (Pers. Prop. Law, § 148, subd. 3; *Saxe* v. *Penokee Lumber Co.*, 159 N. Y. 371, 377.)

In addition to the errors relating to the measure of damages we think it was error to exclude defendant's Exhibit C for identification, a form of sales contract uniformly used and shown to plaintiff's president, and also error to admit plaintiff's patently self-serving letter of September 21, 1939. Further, the charge of the trial court was confusing and neither adequate nor sufficient to enable the jury to reach a fair and intelligent conclusion. (*Trulock* v. *Kings County Iron Foundry, Inc.*, 216 App. Div. 439; *Kroemer* v *Raybestos Manhattan, Inc.*, 247 id. 105.) Finally, after a review of the record, we find that the verdict in plaintiff's favor was against the weight of the credible evidence.

The determination of the Appellate Term and the judgment of the Municipal Court should be reversed and a new trial ordered, with costs to the appellant in this court and in the Appellate Term to abide the event.

MARTIN, P. J., GLENNON, UNTERMYER and CALLAHAN, JJ., concur.

Determination of the Appellate Term and the judgment of the Municipal Court unanimously reversed and a new trial ordered, with costs to the appellant in this court and in the Appellate Term to abide the event.