Gtlennon, J.
This appeal brings up for review an order denying a motion to stay arbitration on the ground that an award *198 made in a prior arbitration proceeding, and the judgment entered thereon, constitute a bar to the present arbitration.
The parties hereto entered into a contract whereby The Springs Cotton Mills sold 25,000 yards of Springmaid Salvo Twill to Buster Boy Suit Company, Inc. Deliveries were to be made between November, 1946 and January, 1947 “ as can ”. The sale was on a “ Bill and Hold ” basis, which in the industry meant that as the goods were made available for shipment, an invoice would be sent the buyer and the merchandise held by the seller subject to the buyer’s instructions. Invoices for the entire amount contracted for were sent to Buster Boy during the delivery period, the last invoice being dated December 19,1946. After 12,000 yards of the fabric had been delivered, Buster Boy took the position that the material delivered was defective and can-celled the unshipped balance of 13,000 yards. It also refused to pay an invoice for delivered merchandise amounting to $1,975.47 and made a claim for damages against the seller.
Attempts to settle the matter were unsuccessful and Springs submitted the dispute to arbitration in accordance with the provisions of the contract. The controversy submitted to the arbitrators was set forth, in the notice served upon Buster Boy, in the following language:
“ Buster Boy Suit Company, Inc. has advised The Springs Cotton Mills that it refuses to pay the latter’s invoice No. SF 1207, dated December 10,1946, in the amount of $1,975.47 on the ground that certain of the Navy Blue Twill fabric delivered to it under the aforesaid contract was defective in that such fabric was shaded in color and that it claims damages by reason thereof.
“ The undersigned will seek at such arbitration an award of $1,975.47 against Buster Boy Suit Company, Inc.”
Buster Boy applied to the court for a stay of arbitration which was denied and on appeal the denial was affirmed (273 App. Div. 1005). Although it was given every opportunity to participate in the arbitration, Buster Boy refrained from doing so and, as a consequence, the arbitrators proceeded to examine into the dispute ex parte. During the course of the proceedings the arbitrators scheduled a hearing at which testimony was taken and a number of garments, manufactured by Buster Boy from the allegedly defective material delivered under the contract, were inspected. The arbitration resulted in an award in favor of Springs for the full amount, which was confirmed over the objections of Buster Boy, a judgment entered thereon and sub *199 sequently paid. Buster Boy now seeks to recover, by means of another arbitration, damages it claims to have sustained by reason of the seller’s breach of contract in delivering defective merchandise. It seeks to recover the amount it was directed to pay by the prior award, as well as the expenses incurred in the manufacture and sale of the finished garments, and the loss of profits and good will. Springs’ motion to stay arbitration on the ground that the prior award stands as a bar to the proceeding resulted in the order appealed from.
Special Term denied the application on the authority of Honsinger v. Union Carriage & Gear Co. (175 N. Y. 229). The Honsinger case involved the right of a buyer to maintain an action for damages for breach of warranty, where it appeared that the same cause of action had been interposed as a counterclaim in the seller’s action for the purchase price and was dismissed by reason of the buyer’s failure to appear at the trial. The court held that the default judgment recovered by the seller in its action was nothing more than a nonsuit as to the counterclaim and did not constitute a bar to the buyer’s separate and independent cause of action for breach of warranty.
The principle of the Honsinger case does not apply to an arbitration proceeding. To be sure, a judgment entered upon an award is subject to all provisions of law relating to a judgment in an action, and has the same force and effect of such a judgment. The statute so provides. (Civ. Prac. Act, § 1466.) However, a judgment entered upon an award is a judgment upon the merits. There is no such thing as an award dismissing a controversy because of the failure on the part of the one seeking affirmative relief to appear in support of his claim. Nor may either party prevent the rendition of a binding award by his default. Every award rendered in compliance with all legal requirements is a complete, final and binding determination of a controversy which may not be disturbed, unless the statutory grounds for doing so exist (Matter of Shirley Silk Co. v. American Silk Mills, 257 App. Div. 375; Matter of Pine St. Realty Co. v. Coutroulos, 233 App. Div. 404; Itoh & Co. v. Boyer Oil Co., 198 App. Div. 881).' A judgment entered upon such an award is res judicata of all matters reasonably comprehended in the dispute submitted to the arbitrators.
The availability of the judgment, entered upon the award in favor of Springs, as a bar to the present arbitration, depends upon the controversy which the award finally determined. The respondent maintains that by its failure to appear, or to submit *200 its breach of warranty claim for determination in the prior proceeding, the only matter properly before the arbitrators was Springs’ claim for the unpaid purchase price. It is argued that the judgment entered upon the award is nothing more than a default judgment on the seller’s claim for the purchase price and, at best, a nonsuit as to Buster Boy’s cause of action for breach of warranty. The difficulty with respondent’s position is that the provisions of law applicable to actions generally do not apply to arbitrations. If they did, the salutary purpose of arbitration would be defeated.
Arbitration affords a means of obtaining an expeditious and effective settlement of a dispute. A controversy must exist before there can be an arbitration. Therefore, an uncontested claim can never be the subject of such a proceeding. In a properly instituted arbitration proceeding the arbitrators are charged with the responsibility of determining a dispute or controversy (Matter of Webster v. Van Allen, 217 App. Div. 219). That the arbitrators are not hampered in the discharge of their duty by rules of evidence, or the body of case and statutory law governing the prosecution of actions, is too well settled to require citation of authority. Nor are they restricted to a consideration of only such evidence as the parties see fit to produce, unless, of course, the submission so provides. The obligation imposed upon the arbitrators is to resolve the controversy referred to them honestly and fairly and to the best of their ability and understanding. In order to fulfill that obligation they must of necessity consider both sides of the dispute, and in that manner all defenses to asserted claims are resolved on the merits.
In this case the dispute referred to arbitration in the prior proceeding concerned the alleged defective condition of the material delivered. Springs contended that it was of good quality and demanded payment of the purchase price. On the other hand, Buster Boy insisted that the goods were defective and refused to pay the price on the ground that the delivery of defective merchandise had occasioned it to sustain damages. Accordingly, the question before the arbitrators was whether the fabric delivered was in fact defective so as to justify Buster Boy’s refusal to pay. By rendering an award in favor of Springs for the full amount of the invoice, the arbitrators necessarily found that there were no defects in the material delivered. The award, therefore, constituted a final and binding determination of that issue and precludes a de novo determination of the same issue in a subsequent arbitration. Since the *201 arbitration sought by Buster Boy is predicated upon the identical issue disposed of by the award, the judgment entered upon the award stands as a bar to the proceeding.
The respondent contends that even though the judgment may preclude it from asserting a breach of warranty claim as to the delivered merchandise, it is not a bar to a claim based upon Springs’ failure to deliver the balance of the fabric called for by the contract of sale. The difficulty with that contention is that there are two answers to it. The first is that the notice served by Buster Boy does not purport to refer such a dispute to arbitration. The other is the respondent’s statement that the contract as to the undelivered material was cancelled by mutual consent because of the defective goods delivered. Since the arbitrators found that the material was of good quality, no damages may flow from the nonperformance of a contract that had been cancelled by agreement between the parties.
The arbitrators having found the goods to be as warranted, it is not necessary to consider the question as to whether, in the circumstances here presented, they could have awarded Buster Boy damages for breach of warranty in the event the merchandise was found to be defective.
The order appealed from should therefore be reversed, with costs to the appellant and the motion granted, with costs.
Does, Cohn, Callahan and Shientag, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellant and the motion granted. Settle order on notice.