Samuel W. Eager, J.
This action is brought in this court by the buyer of certain quantities of lacquer to recover damages for alleged breach of warranty on the sale of the lacquer, and we have a motion here pursuant to subdivision 4 of rule 107 of the Rules of Civil Practice to dismiss the action upon the ground that it is barred by a judgment recovered by the sellers in a former action brought in the City Court of the City of New York to recover the purchase price of the lacquer. It appears that the buyer had also instituted a prior action against the sellers to recover damages for the alleged breach of warranty which is the basis of the present action in this court; and that such prior action was consolidated as a counterclaim in the City Court action brought by the sellers to recover the price of the goods. The judgment recovered by the sellers in the City Court action was for the price in full for the lacquer, but, according to the terms of such judgment, the prior action to recover for breach of warranty, “ deemed a counterclaim ” in the City Court action, was “ dismissed, without prejudice.” Such dismissal of the prior action or counterclaim for breach of warranty ‘ * without prejudice ’ ’ does not of itself bar a subsequent suit for the same cause. (See Civ. Prac. Act, § 482.) The judgment which by its terms, purports to be “ without prejudice ” does not operate as res judicata. (Notes and cases cited, 149 A. L. R. 597 et seq.; Globe Crayon Co. v. Manufacturers Chem. Co., 263 App. Div. 131.)
The sellers, however, contend that the judgment rendered by the City Court for the price bars the present action in that the alleged breach of warranty was litigated in the City Court action and in that the buyer’s claim for damages in connection therewith, might have been litigated and disposed of therein. It *995 does appear that the alleged breach of warranty was set up by the buyer as a defense in its answer in the prior action for the price; and the sellers contend that the issues with respect to the breach of warranty were the subject of proof and explored in such action. It is clear, however, that the mere litigation of the breach of warranty as a defense in the action for the price does not, under the circumstances here, bar this subsequent suit to recover damages for the breach. (See Honsinger v. Union Carriage & Gear Co., 175 N. Y. 229; Globe Crayon Co. v. Manufacturers Chem. Co., supra; Greater New York Talking Mach. Co. v. Ravett, 199 N. Y. S. 82; Forrester v. Riggi Bros., 166 N. Y. S. 768.) The determining factor is that the judgment here does not by its terms, or when considered in connection with the record, have the effect of disposing of the issues involved in the cause of action for damages for breach of warranty or have the effect of negativing the existence of some fact or element essential to such cause.
It is noted that there is no showing here of special facts and circumstances indicating an intentional abandonment by the buyer of or an estoppel on its part to again litigate its alleged claim for breach of warranty. (Cf. Musco v. Lupi, 6 Misc 2d 930.) In fact, the terms of the judgment and the record of the proceedings on the handing down by the Justice of his decision in the City Court action indicate that the cause of action, if any, for damages for alleged breach of warranty was to survive the decision and judgment. The sellers should be and are bound by such record and the terms of such judgment. The provisions of the judgment to the effect that the dismissal of the claim for damages for breach of warranty is “ without prejudice ” is itself res judicata as against the sellers. (149 A. L. R. 563 and cases cited.) The sellers are thereby barred from taking the position, collaterally to the prior action, that the judgment therein was an adjudication on the merits finally disposing of the claim for damages for breach of warranty.
Motion denied. Settle order on notice.