Desmond, J.
(dissenting). Reversal here means that a plaintiff whose suit has against his wishes been consolidated with another suit may by a simple device deprive the consolidation of all effect. He may refuse to appear at the trial, accept a dismissal ‘‘ on the merits ’ ’ and then start a new suit, serving his own convenience and flouting the court’s order. Legalizing such antics worsens the calendar-delay situation. We should if possible uphold the courts below in preventing a result so unfair to the other party and so inconsistent with orderly procedure. The applicable statutes may and should be read so as to allow the other party to put in his proof, as he did here, and get a judgment finally disposing of the issues. Mink v. Keim (291 N. Y. 300) and Honsinger v. Union Carriage & Gear Co. (175 N. Y. 229) are not necessarily controlling here since in neither of those cases did the nondefaulting party go ahead with his own proof as did respondent here.
The law that should be applied here is in the second sentence of section 433 of the Civil Practice Act: “ Thereafter the issue may be brought to trial, and any party to the action, in the absence of the adverse party, unless the judge holding the term for good cause otherwise directs, may proceed with the cause and take a dismissal of the complaint, or a verdict, decision or judgment as the case requires.” If that means anything, it is that a defendant, like a plaintiff, may bring on a case for trial and get the final judgment his proof justifies, despite the plaintiff’s refusal to attend the trial or go forward with proof.
The judgment should be affirmed, with costs.
Chief Judge Conway and Judges Dye, Fuld and Burke concur Avith Judge Froessel; Judge Desmond dissents in an opinion in which Judge Van Voorhis concurs.
Judgment reversed, etc.