Blake agt. Michigan Southern and Northern Indiana Railroad Co.

## SUPREME COURT.

Eli J. Blake agt. The Michigan Southern and North-
ern Indiana Railroad Company.

Where, on consolidation, some of the actions are discontinued, and only the con-
solidated action remains, there is no principle by which the *costs* in the discon-
tinued actions can be included in the consolidated action, even though it em-
brace the causes of action in those discontinued. Provision for such costs
must be made in the discontinued actions before they finally cease to exist,
otherwise the party loses them as against his adversary.

*New-York General Term, September,* 1858.
*Present,* DAVIES, SUTHERLAND *and* HOGEBOOM, *Justices.*
APPEAL from order at special term, directing a readjustment
of costs, on a motion for consolidation.

J. E. BURRILL, *for plaintiff.*
CHAS. TRACY, *for defendants.*

By the court—HOGEBOOM, Justice. The order made at
special term should be affirmed. There is but a single suit
pending, and the costs of only a single suit can be included in
the judgment. It is not the case of several parties defending
by separate attorneys and having separate interests, in which
event separate bills of costs are sometimes allowed, (*Code,*
§ 306), but one plaintiff against one defendant, in a single ac-
tion. In such case I do not think the allowances authorized
by section 307 can be repeated. That section makes a speci-
fic allowance for particular services, which cannot be doubled
or trebled, any more than they can be in any other way
increased.

The other suits are discontinued, and only the consolidated
action remains. I know of no principle by which costs, in ac-
tions discontinued, can be included in another action, even
though it embraces the causes of action in the first. Provision

for such costs must be made in the discontinued actions before they finally cease to exist.

Again, the object of consolidation is to curtail the costs, and it is commonly, though not always, ordered on account of a supposed intention unnecessarily to accumulate costs in the first instance. It is, therefore, ordinarily a judicial determination that separate suits were originally instituted, without legal necessity, for an improper purpose. If special circumstances exist justifying a different conclusion, it is always competent for the court to order the consolidation on terms, one of which may be, the saving to the successful party of the costs already incurred in the suits which are to be dropped. And, I think, the party loses his costs as against his adversary, unless provision is thus made for them in the order of consolidation, at least, I do not think he can tax them on the judgment in the consolidated action.

If any of the disputed items were to be allowed, I think the two extra allowances of $60 each should not be, but it does not seem to me that any of them can be properly included in this action.

The order made at special term should be affirmed, with $10 costs.