MARION S. MINK et al., Appellants, *v.* HENRY KEIM et al., Respondents, et al., Defendants.

Submitted October 6, 1943; decided December 2, 1943.

*Julius Reinlieb* and *Nathan A. Markowitz* for appellants. The inquest taken by respondents in the Sullivan County Supreme Court and the dismissal of the present plaintiffs complaint are not on the merits. (Civ. Prac. Act, § 482; *Voorhis* v. *Denis,* 227 N. Y. S. 607; *Goebel* v. *Iffla,* 111 N. Y. 170.) Section 494-a of the Civil Practice Act does not authorize a judgment on the merits. (*Jones* v. *Gould,* 145 App. Div. 271; *Caruso* v. *Metro-*

*politan 5 to 50 Cent Store,* 214 App. Div. 328; *Rudd* v. *Cornell,* 171 N. Y. 114; *Lodewick* v. *Cutting,* 121 Misc. 348; *Hull* v. *Shannon,* 139 Misc. 564.) The consolidation did not constitute a merger of the various causes of action into one single cause of action. (Civ. Prac. Act, § 482; *Harris* v. *Harris,* 283 N. Y. S. 410; *Ten Eyck* v. *Lombard,* 296 N. Y. S. 49; *Bach* v. *Hollander & Sons, Inc.,* N. Y. L. J., July 10, 1942; *Goodman* v. *Kirshberg,* 261 App. Div. 257; *Neenan* v. *Woodside Astoria Transp. Co.,* 261 N. Y. 159; *Larme Estates, Inc.,* v. *Omnichrome Corp.,* 275 N. Y. 426, 276 N. Y. 573; *2018 Seventh Ave., Inc.,* v. *Nach-Haus Leasing Corp.,* 289 N. Y. 490.)

*Arthur K. Wing* and *James G. Purdy* for respondents. The defense pleaded in the answer of respondents of final adjudication on the merits, in favor of said defendants and against the plaintiffs of prior actions between the same parties arising out of the same transaction and to recover for the same causes of action as alleged in the action at bar, is duly established by the allegations and admissions in the pleadings, and is a complete defense in law to this action. The Appellate Division properly reversed the order of the Special Term and granted the motion for judgment on the pleadings dismissing the complaint. (*Hull* v. *Shannon,* 139 Misc. 564; *Matter of Arcadu* v. *Levinson,* 250 N. Y. 355; *Van Arsdale* v. *King,* 155 N. Y. 325; *Harris* v. *Harris,* 246 App. Div. 667.)

RIPPEY, J. On June 30, 1938, a collision occurred on Highway No. 52 near Jeffersonville, Sullivan County, between an automobile owned and operated by defendants Keim and an automobile owned and operated by defendant Orel. Plaintiffs Marion Sanders Mink, Helen Lefkowitz and Abraham Altschuler were passengers in the car operated by Orel. Plaintiff Herman Mink is the husband of Marion Sanders Mink.

Keim and his wife brought an action in the Supreme Court of Sullivan County against Orel to recover damages for injury to their car in which Mrs. Keim set up a cause of action for personal injuries and Keim for loss of her services, referred to as Action No. 1. In Action No. 2, Orel sued Keim and his wife in Kings County to recover property damage and for personal injuries. In Action No. 3, Helen Lefkowitz sued Keim and his wife and Orel in Bronx County to recover damages for

personal injuries. In Action No. 4, Mink and his wife sued Keim and Orel in New York County for loss of services and for personal injuries, respectively, and in Action No. 5, brought in Bronx County, Abraham Altschuler sued Orel and Keim for personal injuries. The actions were consolidated and moved for trial as separate actions in Sullivan County. None of the parties appeared at the trial except Keim and his wife who offered proof of damages in the causes of action set up in Action No. 1, Action No. 2 was withdrawn, and the court assessed damages in their favor against Orel. The Keims thereupon moved to dismiss the complaints upon the merits as against plaintiffs in Actions Nos. 3, 4 and 5, which motion was granted. A single judgment was then docketed in which the court, treating the various actions separately as numbered above, awarded damages to Keim and his wife against Orel in Action No. 1 and dismissed the complaints in Actions Nos. 3, 4 and 5 " upon the merits."

This action was subsequently commenced in New York County by the passengers in the Orel car and the husband of one of them to recover damages arising as the result of the collision. As separate affirmative defenses, Keim and his wife alleged (1) that the injuries and damages alleged to have been sustained by the plaintiffs were caused wholly and solely through the negligence and carelessness of Orel and (2) that the judgment theretofore entered in Actions Nos. 3, 4 and 5 above constituted a conclusive adjudication upon the merits. Keim and his wife moved at Special Term to dismiss the present complaint, which motion was denied, but, upon appeal, the Appellate Division held that the judgment in the former action was a bar to the maintenance of the present suit.

The plaintiffs here were plaintiffs in the former actions and were so considered and designated in the judgment by the trial court. They could not be transformed into something else by a consolidation of the actions. There was no merging of the several causes of action or distribution of the parties according to their respective claims into one consolidated action and no attempt was made to change their character as claimants in the consolidated actions. After the alleged consolidation they continued to be plaintiffs at the time the cases were moved for trial. They were moved for trial as separate cases. There

could be no judgments entered against plaintiffs '' on the merits '' since such a judgment can only come at the close of the plaintiff's evidence (Civ. Prac. Act, § 482). When the cases were moved for trial by defendants Keim, the plaintiffs offered no proof; they did not appear at the trial and their complaints were dismissed on motion of defendants Keim because of their failure to appear or put in any evidence at all. The effect of the judgment was nothing more than a nonsuit (*Honsinger* v. *Union Carriage & Gear Co.,* 175 N. Y. 229, 232). Thus the recital in the judgment that the dismissal of the complaints were on the merits lends no aid to defendants' claim here that the judgment either as a technical estoppel or as evidence conclusive *per se* bars the maintenance of the present action (*Clark* v. *Scovill,* 198 N. Y. 279; *People* v. *Ladew,* 237 N. Y. 413, 419; *Brick* v. *Cohn-Hall-Marx Co.,* 283 N. Y. 99, 104).

There was no privity between the passengers of the Orel car and the owners and operator of either car involved in the collision, nor was there mutuality of estoppel. Actionable negligence can arise only out of the breach of some duty and is necessarily relevant to circumstances of time, place or person (*Connell* v. *N. Y. C. & H. R. R. R. Co.,* 144 App. Div. 664). '' The duty may exist as to some persons, and not as to others, depending upon peculiar relations and circumstances '' (*Larmore* v. *Crown Point Iron Co.,* 101 N. Y. 391, 394). The only question litigated in the consolidated action was whether the negligence of the Keims or Orel, as between themselves, was the sole proximate cause of the collision. As to the plaintiffs, both Orel and the Keims might be held jointly liable for damages although, as between themselves, the owner and driver of one car might not be liable to the other. Both owed to these plaintiffs the duty of exercising ordinary care to avoid the accident. The claims of the plaintiffs here were not involved in the issue presented and litigated in the former action; and the two actions did not '' have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first '' (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304; *Neenan* v. *Woodside Astoria Transportation Co.,* 261 N. Y. 159; *Marine Transit Corp.* v. *Switzerland General Ins. Co.,* 263 N. Y. 139; *Elder* v. *New York & Pennsylvania Motor Express, Inc.,* 284 N. Y. 350).

The judgment of the Appellate Division should be reversed and the order of Special Term affirmed with costs in this court and in the Appellate Division.

DESMOND, J. (dissenting). The question tendered to us on this appeal is essentially one of Supreme Court practice, since at bottom it involves the efficacy of attempts made by plaintiffs to escape the effect of an outstanding Supreme Court order of consolidation.

The four plaintiffs above named brought, in 1939, three separate personal injury actions (Marion Mink and Herman Mink, her husband, suing together) against the owners and drivers of two automobiles which had been in collision and in one of which automobiles three of the plaintiffs here (Marion Mink, Helen Lefkowitz and Abraham Altschuler) had been passengers. Two of those actions were brought in Bronx County and one in New York County. Those three actions were duly consolidated, by order of the Supreme Court, with two other actions, one brought in Sullivan County, the other in Kings County, in each of which other two actions the driver of one of the cars had sued the driver of the other car. That order of consolidation, making one suit (with venue laid in Sullivan County) out of those erstwhile separate actions, was never reversed and still stands. When the consolidated action came on for trial, however, the above-named plaintiffs Mink, Lefkowitz and Altschuler attempted to remove themselves and their claims from the consolidated cause by refusing to take any part in that trial. Everything indicates that their failure to appear was deliberate, not inadvertent. They did not ask for, or get, the court's permission to withdraw their complaints. No counsel appeared for them and no proof was offered for them. No other parties appeared at that trial of the consolidated cause except Mr. and Mrs. Keim, owner and occupants of one of the colliding cars, who made proof at that trial of their respective causes of action for property damage, personal injuries, loss of services, et cetera. The court awarded damages to Mr. and Mrs. Keim and entered a judgment in their favor for those damages against Orel, owner of the other car, which judgment, entitled in the consolidated action, also dismissed " on the merits " the causes of action in favor of the same four persons who are the plain-

tiffs in the present action. (Though we do not consider it a principal ground for affirmance here, it is of some importance that the determination in favor of the Keims, after proof taken, was necessarily based on holdings that the driver of the Orel car was negligent and that the driver of the Keim car was free from negligence.) Later Mr. and Mrs. Mink and Lefkowitz and Altschuler moved to have the words " on the merits " stricken from that judgment. That effort did not succeed (see *Keim* v. *Orel,* 263 App. Div. 779) so that there still stands of record and of full force against them a judgment of dismissal intended to be and stated to be on the merits. Despite the continuing vitality of that judgment the four plaintiffs above named now insist on their right to bring a new action, this time in New York County, against the same defendants on the same theory and for the same relief demanded in their prior actions. On motion of defendants Keim, the Appellate Division has ordered this new action dismissed, holding (as did both lower courts on the previous motion in the consolidation cause to excise the words " on the merits " from the judgment) that under all the circumstances, the judgment in the consolidated action was, in effect as in terms, a judgment on the merits. We think that determination was not erroneous.

It is true that in most cases of dismissal of a complaint before the close of a plaintiff's proof, the judgment of dismissal may not properly be labeled " on the merits " and does not operate to prevent the bringing of another action even when that label is deliberately attached to the judgment by the court which renders it. (*Clark* v. *Scovill,* 198 N. Y. 279.) Ordinarily the rule is that a dismissal because of plaintiff's failure to attend at the trial or to make proof thereat is not a sufficient basis for a judgment of dismissal on the merits. (*Honsinger* v. *Union Carriage & Gear Co.,* 175 N. Y. 229.) The 1920 amendment to what is now section 482 of the Civil Practice Act was not, it seems, intended to change that rule. But the cases recognize that in addition to voluntary non-suits (on terms and with the court's permission) and inadvertent failures to answer the calendar, et cetera, there is also such a thing as a deliberate, intentional abandonment of one's cause of action, evidenced by a willful refusal to go on with the case when it is called for trial. (See discussion in *Sweeting* v. *Staten Island & Midland*

*Ry Co.*, 176 App. Div. 494, and *People ex rel Rogall* v. *Jacoby*, 264 N. Y. 485.) Section 482 of the Civil Practice Act does not require that such a dismissal be without prejudice to a new action. The Appellate Division has held in the present suit that refusal of these plaintiffs to go on with their proof in the consolidated cause was no less than a willful abandonment of their claims. (See Civ. Prac. Act, § 494-a.) We think that description of their maneuvers was justified, if indeed any other interpretation is possible. When their causes of action were consolidated with others by an order which still stands, plaintiffs could not deprive that consolidation order of all effect by standing silent at the trial or by remaining away from it and permitting a dismissal on the merits, and then commence, without anyone's leave, a new action for the same relief. Such an unscrambling of the eggs is not among the privileges of any litigant. Causes of action, consolidated with other actions for all purposes by a valid order, cannot be thus " unconsolidated." A consolidated action is one action for all purposes (*Blake* v. *Michigan S. & N. I. R. R. Co.*, 17 How. Pr. 228) and unless there be a severance only one judgment can be entered therein. (*Kriser* v. *Rodgers*, 195 App. Div. 394.)

The Appellate Divisions of both the First Department (in the present case) and the Third Department (in the consolidated cause, *Keim* v. *Orel*, 263 App. Div. 779) have passed on the effect of the attempted withdrawal of these parties from the consolidated cause. Both those courts, deciding what is essentially a question of Supreme Court practice, have ruled that a plaintiff may not thus lift his cause of action out of a consolidated cause and keep it intact for future harassment of a defendant. We should not say that both those courts were wrong as matter of law in their proper endeavors to give teeth to the order of consolidation and judgment of dismissal.

The judgment of the Appellate Division should be affirmed, with costs.

LEHMAN, Ch. J., LEWIS, CONWAY and THACHER, JJ., concur with RIPPEY, J.; DESMOND, J., dissents in opinion in which LOUGHRAN, J., concurs.

Judgment accordingly.