■ SANDRA GREENBERG et al., Respondents, v. WILLIAM DE HART, an Infant by RAYMOND M. DE HART, His Guardian ad Litem, Appellant.— In an action in the Supreme Court, Kings County, to recover damages for personal injuries and for medical expenses and loss of services, the appeal is from an order denying a motion to dismiss the complaint on the ground of *res judicata* (Rules Civ. Prac., rule 107, subd. 4). Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. Prior to the commencement of the present action, respondents had asserted the same causes of action against appellant in an action commenced in Kings County which was consolidated with an action to recover damages for injury to property commenced by appellant against respondent Myron Greenberg in Cortland County. When the consolidated action appeared on the trial calendar in Cortland County, respondents failed to appear, the case was marked ready by appellant's counsel and was placed on the ready calendar for disposition. When the action was reached for trial at the following term, respondents failed to appear, although their attorney had been informed of the trial date. The claim asserted by appellant in his property damage action had been settled, and there remained to be tried only the issues in respondents' personal injury action. Appellant proceeded with the trial of that action and his testimony and that of his witnesses was presented. At the close of the evidence, the trial court granted appellant's motion to dismiss the complaint on the merits, and judgment to that effect was entered. That judgment, in our opinion, is a complete bar to the relitigation of the same causes of action. *Mink* v. *Keim* (291 N. Y. 300) is readily distinguishable. It was there held that the dismissal of a prior complaint asserting the same cause of action did not result in a judgment on the merits, because the complaint had been dismissed, on motion of the defendants, upon the ground that the plaintiffs had failed to appear and put in any evidence at all. In the instant case, the dismissal of the complaint was granted, not alone because of respondents' failure to appear, but also on consideration of evidence offered by appellant, and at the close of the evidence. The judgment entered was properly stated to be on the merits. (Civ. Prac. Act, §§ 482, 494-a.) Nolan, P. J., Wenzel and Ughetta, JJ., concur; Beldock and Kleinfeld, JJ., dissent and vote to affirm, with the following memorandum: The judgment dismissing the prior action was

not on the merits, despite its recital to that effect. It was "nothing more than a nonsuit", and it does not bar the present action (*Mink* v. *Keim*, 291 N. Y. 300). In any event, we feel that respondents should not be deprived of their causes of action under the facts and circumstances of this case. The exaction of a full bill of costs should be sufficient penalty for their nonappearance at the trial.