4 N.Y.2d 511 (1958)
Sandra Greenberg et al., Appellants,
v.
William De Hart, an Infant, by Raymond M. De Hart, His Guardian ad Litem, Respondent.
Court of Appeals of the State of New York.
Argued May 2, 1958.
Decided June 25, 1958.
Manuel J. Steinberg and Alfred Jaffe for appellants.
Manley H. Thaler for respondent.
Chief Judge CONWAY and Judges DYE, FULD and BURKE concur with Judge FROESSEL; Judge DESMOND dissents in an opinion in which Judge VAN VOORHIS concurs.
*513 FROESSEL, J.
The issue before us is whether the present action is barred by a judgment purporting to dismiss the complaint "on the merits" in a prior action, in which plaintiffs asserted the same causes of action.
On December 29, 1953 the automobiles of defendant and plaintiff Myron Greenberg were involved in a collision on or near Route 80 about 17 miles from Syracuse. Plaintiff Sandra Greenberg was a passenger in her husband's car. On April 7, 1954 De Hart commenced an action for property damage against Myron Greenberg in the Supreme Court, Cortland County. T. W. Coughlin, a Syracuse attorney, was retained to defend this action. On May 18, 1954 the Greenbergs, represented by Manuel Steinberg, instituted an action against De Hart for personal injuries in the Supreme Court, Kings County. On motion *514 of De Hart the two actions were consolidated for trial in the Supreme Court, Cortland County, by order dated July 2, 1954. Said order provided that upon the trial of the consolidated action the Greenbergs "shall be considered the plaintiffs", with the right to open and close, and De Hart should be considered "the defendant with a counterclaim".
The consolidated action appeared on the trial calendar for the term commencing January 3, 1955 and was then placed on the ready calendar. The clerk of the court sent Steinberg a telegram, pursuant to the instructions of the Presiding Justice, advising him to be present and prepared to proceed to trial on January 7th. Upon receipt of the telegram Mr. Steinberg, on Thursday, January 6th, telephoned Attorney Coughlin in Syracuse, who informed him that the property damage action had been settled.
Steinberg's affidavit states that on the following morning, January 7th, he telephoned the clerk of the court, told him about the settlement of the property damage action, and requested that the personal injury action be discontinued on the call of the calendar. He also claims he talked with a person who identified himself as the Judge of the court and made the same request of him, in which the Judge acquiesced. He further states that he had sent a letter confirming this telephone conversation, which the clerk said he never received.
In his affidavits the clerk admitted that he received a telephone call from Steinberg on January 7th, but denied that any statement was made by the Judge or himself that the action would be discontinued.
On the same morning, January 7th, the attorney for defendant, De Hart, appeared, waived a jury trial, and the court proceeded to take evidence from defendant's witnesses tending to show negligence on the part of Myron Greenberg and that neither of the Greenbergs complained of injuries after the accident. At the close of this brief evidence, defendant's attorney moved "that the complaint of [plaintiffs] be dismissed on the merits, on the ground that there has been no showing of any negligence on the part of the defendant, nor has there been any showing of any personal injuries on the part of the plaintiffs". The court granted the motion, and a judgment dismissing *515 the complaint "on the merits" was entered. No appeal was taken therefrom nor was any motion made with respect thereto.
The complaint in the present action was served on December 12, 1956. Special Term, in denying defendant's motion to dismiss this complaint, held that the case of Mink v. Keim (291 N.Y. 300) was controlling. The majority in the Appellate Division thought that it was distinguishable. In the Mink case we pointed out that the plaintiffs "could not be transformed into something else by a consolidation of the actions" and, when their complaints were dismissed on Keims' motion because of their failure to appear or to offer evidence, the "effect of the judgment was nothing more than a nonsuit (Honsinger v. Union Carriage & Gear Co., 175 N.Y. 229, 232)." Thus, we added, the recital in the judgment that the dismissal was on the merits lent no aid to the defendants' claim that the judgment barred the maintenance of the new action.
Not only does the Mink case (supra) point clearly to a reversal here, but in certain respects the instant facts present an even stronger case for the nonapplication of the doctrine of res judicata than in Mink. In both cases the actions were consolidated; each action nevertheless retained its identity as such. In Mink, the actions were still pending and undetermined, and there was clear statutory authority for the taking of proofs of the Keims as plaintiffs in their own action against Orel (Civ. Prac. Act, § 494-a). It was the subsequent attempt to utilize this evidence in entering a judgment "on the merits" in the actions brought by Orel's passengers, who were not present at the trial, in which actions the Keims were defendants, that our court found objectionable. Here, however, De Hart's property damage action had been settled and finally disposed of, and the trial court was so informed. Only one action was pending, namely, the Greenbergs' action against De Hart. De Hart no longer had either an action or a counterclaim on which to proceed, which is necessary under section 494-a. It was the Greenbergs' duty to go forward and, in the absence of their so doing, De Hart's only remedy was to dismiss their complaint and ask for a bill of costs. De Hart had no right to proceed to trial against the absent plaintiffs when he had no action pending, for there was nothing to try.
*516 We find no authority, by way of statute or case law, for the procedure followed by the trial court in the Cortland County action. Defendant urges that section 494-a of the Civil Practice Act authorizes the court, upon the failure of a plaintiff to appear, to take the evidence of the defendant, despite the absence of a counterclaim, and render judgment in the latter's favor upon the merits. Section 494-a of the Civil Practice Act has no application here. A mere reading of this section demonstrates that a judgment may be entered as therein provided only upon a "complaint or counterclaim" (4 Carmody on New York Practice, § 1197, p. 2713, n. 76). Defendant concedes that the only attempts to construe the statute as authorizing a judgment on the merits, in the absence of plaintiff and upon the evidence of a noncounterclaiming defendant, were unsuccessful (see Mink v. Keim, 266 App. Div. 184, 187-188, which we reversed in 291 N.Y. 300, supra, and Keim v. Orel, 263 App. Div. 779, 781  affirming the denial of plaintiffs-passengers' motion to strike the words "upon the merits" from the judgment against them  which we necessarily overruled by our decision in Mink v. Keim).
Defendant's claim that he had gained substantial rights in the prior action is which merit. He did not lose the right to open and close, for the order of consolidation preserved that right to the Greenbergs. The failure of plaintiffs to furnish a bill of particulars is of no consequence, for defendant had not availed himself of his right to procure an order of preclusion. Even if he had, and plailtiffs' offer of proof had been met by objection based thereon, it has been held that an ensuing dismissal would not have been on the merits but for failure of proof (Aldrich v. Morningside Heights Housing Corp., 2 Misc 2d 60 [App. Term]). Actually, the reason for the consolidation had ceased to exist in this case (see Intner v. Morton, 1 A D 2d 723). The action was unconsolidated, not by plaintiffs' attorney, but by De Hart's settlement of his own property damage action.
While De Hart's motion to dismiss was based upon the evidence taken, and not upon plaintiffs' failure to appear, even assuming the motion had been made on the latter ground, the dismissal of the complaint for that reason would not have constituted a bar to the present action (Civ. Prac. Act, § 433). A judgment dismissing the complaint upon a plaintiff's failure *517 to appear is not upon the merits (Harris v. Harris, 246 App. Div. 667; Carmody on New York Practice [7th ed.] p. 519; 7 Carmody-Wait on New York Practice, pp. 484-485, Judgments, § 212).
The judgment appealed from should be reversed, and the order of Special Term reinstated, with costs in this court and in the Appellate Division.
DESMOND, J. (dissenting).
Reversal here means that a plaintiff whose suit has against his wishes been consolidated with another suit may by a simple device deprive the consolidation of all effect. He may refuse to appear at the trial, accept a dismissal "on the merits" and then start a new suit, serving his own convenience and flouting the court's order. Legalizing such antics worsens the calendar-delay situation. We should if possible uphold the courts below in preventing a result so unfair to the other party and so inconsistent with orderly procedure. The applicable statutes may and should be read so as to allow the other party to put in his proof, as he did here, and get a judgment finally disposing of the issues. Mink v. Keim (291 N.Y. 300) and Honsinger v. Union Carriage & Gear Co. (175 N.Y. 229) are not necessarily controlling here since in neither of those cases did the nondefaulting party go ahead with his own proof as did respondent here.
The law that should be applied here is in the second sentence of section 433 of the Civil Practice Act: "Thereafter the issue may be brought to trial, and any party to the action, in the absence of the adverse party, unless the judge holding the term for good cause otherwise directs, may proceed with the cause and take a dismissal of the complaint, or a verdict, decision or judgment as the case requires." If that means anything, it is that a defendant, like a plaintiff, may bring on a case for trial and get the final judgment his proof justifies, despite the plaintiff's refusal to attend the trial or go forward with proof.
The judgment should be affirmed, with costs.
Judgment reversed, etc.