Fboessel, J.
The issue before us is whether the present action is barred by a judgment purporting to dismiss the complaint “ on the merits ” in a prior action, in which plaintiffs asserted the same causes of action.
On December 29,1953 the automobiles of defendant and plaintiff Myron Greenberg were involved in a collision on or near Route 80 about 17 miles from Syracuse. Plaintiff Sandra Green-berg was a passenger in her husband’s car. On April 7, 1954 De Hart commenced an action for property damage against Myron Greenberg in the Supreme Court, Cortland County. T. W. Coughlin, a Syracuse attorney, was retained to defend this action. On May 18, 1954 the Greenbergs, represented by Manuel Steinberg, instituted an action against De Hart for personal injuries in the Supreme Court, Kings County. On motion *514 of De Hart the two actions were consolidated for trial in the Supreme Court, Cortland County, by order dated July 2, 1954. Said order provided that upon the trial of the consolidated action the Greenbergs ‘£ shall be considered the plaintiffs ’ ’, with the right to open and close, and De Hart should be considered £ ‘ the defendant with a counterclaim ’ ’.
The consolidated action appeared on the trial calendar for the term commencing January 3, 1955 and was then placed on the ready calendar. The clerk of the court sent Steinberg a telegram, pursuant to the instructions of the Presiding Justice, advising him to be present and prepared to proceed to trial on January 7th. Upon receipt of the telegram Mr. Steinberg, on Thursday, January 6th, telephoned Attorney Coughlin in Syracuse, who informed him that the property damage action had been settled.
Steinberg’s affidavit states that on the following morning, January 7th, he telephoned the clerk of the court, told him about the settlement of the property damage action, and requested that the personal injury action be discontinued on the call of the calendar. He also claims he talked with a person who identified himself as the Judge of the court and made the same request of him, in which the Judge acquiesced. Ho further states that he had sent a letter confirming this telephone conversation, which the clerk said he never received.
In his affidavits the clerk admitted that he received a telephone ■ call from Steinberg on January 7th, but denied that any statement was made by the Judge or himself that the action would be discontinued.
On the same morning, January 7th, the attorney for defendant, De Hart, appeared, waived a jury trial, and the court proceeded to take evidence from defendant’s witnesses tending to show negligence on the part of Myron Greenberg and that neither of the Greenbergs complained of injuries after the accident. At the close of this brief evidence, defendant’s attorney moved £ £ that the complaint of [plaintiffs] be dismissed on the merits, on the ground that there has been no showing of any negligence on the part of the defendant, nor has there been any showing of any personal injuries on the part of the plaintiffs ”. The court granted the motion, and a judgment dismiss *515 ing the complaint “ on the merits ” was entered. No appeal was taken therefrom nor was any motion made with respect thereto.
The complaint in the present action was served on December 12, 1956. Special Term, in denying defendant’s motion to dismiss this complaint, held that the case of Mink v. Keim (291 N. Y. 300) was controlling. The majority in the Appellate Division thought that it was distinguishable. In the Minie case we pointed out that the plaintiffs “ could not be transformed into something else by a consolidation of the actions ” and, when their complaints were dismissed on Keims ’ motion because of their failure to appear or to offer evidence, the ‘ ‘ effect of the judgment was nothing more than a nonsuit (Honsinger v. Union Carriage & Gear Co., 175 N. Y. 229, 232).” Thus, we added, the recital in the judgment that the dismissal was on the merits lent no aid to the defendants’ claim that the judgment barred the maintenance of the new action.
Not only does the Mink case (supra) point clearly to a reversal here, but in certain respects the instant facts present an even stronger case for the nonapplication of the doctrine of res judicata than in Mink. In both cases the actions were consolidated; each action nevertheless retained its identity as such. In Mink, the actions were still pending and undetermined, and there was clear statutory authority for the taking of proofs of the Keims as plaintiffs in their own. action against Orel (Civ. Prac. Act, § 494-a). It was the subsequent attempt to utilize this evidence in entering a judgment “ on the merits ” in the actions brought by Orel’s passengers, who were not present at the trial, in which actions the Keims were defendants, that our court found objectionable. Here, however, De Hart’s property damage action had been settled and finally disposed of, and the trial court was so informed. Only one action was pending, namely, the Greenbergs’ action against De Hart. De Hart no longer had either an action or a counterclaim on which to proceed, which is necessary under section 494-a. It was the Greenbergs’ duty to go forward and, in the absence of their so doing, De Hart’s only remedy was to dismiss their complaint and ask for a bill of costs. De Hart had no right to proceed to trial against the absent plaintiffs when he had no action pending, for there was nothing to try.
*516 We find no authority, by way of statute or case law, for the procedure followed by the trial court in the Cortland County action. Defendant urges that section 494-a of the Civil Practice Act authorizes the court, upon the failure of a plaintiff to appear, to take the evidence of the defendant, despite the absence of a counterclaim, and render judgment in the latter’s favor upon the merits. Section 494-a of the Civil Practice Act has no application here. A mere reading- of this section demonstrates that a judgment may be entered as therein provided only upon a “ complaint or counterclaim ” (4 Carmody on New York Practice, § 1197, p. 2713, n. 76). Defendant concedes that the only attempts to construe the statute as authorizing a judgment on the merits, in the absence of plaintiff and upon the evidence of a noncounterclaiming defendant, were unsuccessful (see Mink v. Keim, 266 App. Div. 184, 187-188, which we reversed in 291 N. Y. 300, supra, and Keim v. Orel, 263 App. Div. 779, 781 — affirming the denial of plaintiffs-passengers’ motion to strike the words “upon the merits ” from the judgment against them — which we necessarily overruled by our decision in Mink v. Keim).
Defendant’s claim that he had gained substantial rights in the prior action is without merit. He did not lose the right to open and close, for the order of consolidation preserved that right to the Greenbergs. The failure of plaintiffs to furnish a bill of particulars is of no consequence, for defendant had not availed himself of his right to procure an order of preclusion. Even if he had, and plaintiffs’ offer of proof had been met by objection based thereon, it has been held that an ensuing dismissal would not have been on the merits but for failure of proof (Aldrich v. Morningside Heights Housing Corp., 2 Misc 2d 60 [App. Term]). Actually, the reason for the consolidation had ceased to exist in this case (see Intner v. Morton, 1 A D 2d 723). The action was unconsolidated, not by plaintiffs’ attorney, but by De Hart’s settlement of his own property damage action.
While De Hart’s motion to dismiss was based upon the evidence taken, and not upon plaintiffs’ failure to appear, even assuming the motion had been made on the latter ground, the dismissal of the complaint for that reason would not have constituted a bar to the present action (Civ. Prac. Act, § 433). A judgment dismissing the complaint upon a plaintiff’s failure *517 to appear is not upon the merits (Harris v. Harris, 246 App. Div. 667; Carmody on New York Practice [7th ed.] p. 519; 7 Carmody-Wait on New York Practice, pp. 484-485, Judgments, § 212).
The judgment appealed from should be reversed, and the order of Special Term reinstated, with costs in this court and in the Appellate Division.