■ MARY J. QUATROCHE, Respondent, v. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant. — Order granting plaintiff's motion for summary judgment, dated March 7, 1960, unanimously reversed, on the law and on the facts, with $20 costs and disbursements to the appellant, and the plaintiff's motion for summary judgment denied, with $10 costs. In this negligence action, the plea of *res judicata* affirmatively asserted by the plaintiff is grounded on a judgment determining the defendant's liability in respect of the same occurrence in an action brought against the defendant by the owner and operator of the taxicab in which plaintiff was a passenger. Plaintiff was not a party to the first action. The former judgment neither precludes the plaintiff nor establishes the defendant's liability in this action. (*Elder* v. *New York & Pennsylvania Motor Express,* 284 N. Y. 350.) The sole issue determined in *Israel* v. *Wood Dolson Co.* (1 N Y 2d 116), relied on by Special Term, was whether the dismissal in the prior action of Israel's complaint against Wood Dolson upon the ground of his failure to prove a breach of contract upon the trial of the first cause of action was a defense available under the doctrine of *res judicata* as between Israel and Gross on the second cause of action for inducing the breach of the same alleged contract. The Court of Appeals sustained the defense asserted by defendant Gross who by reason of a severance did not litigate the issue resulting in the determination relied on by him. The holding expresses, in effect, an exception to the rule of mutuality in applying *res judicata* in favor of a defendant charged with a tort or breach

of contract in a subsequent action where the same plaintiff against another defendant failed to establish liability for inducing the identical tort or breach of contract. (See, also, *Hinchey* v. *Sellers*, 7 N Y 2d 287; *Mink* v. *Heim*, 291 N. Y. 300; Restatement, Judgments, §§ 94–99.) Concur — Breitel, J. P., Valente, McNally, Stevens and Bastow, JJ.