ABRAHAM GREENFIELD, Individually and as Executor of JACOB GREENFIELD, Deceased, Appellant, v. REALTY FUNDS, INC., et al., Respondents.— In an action to set aside certain transfers of property on the ground that they were procured by fraud and undue influence, and for related relief, plaintiff appeals from a judgment of the Supreme Court, Rockland County, entered September 26, 1963 upon the opinion and decision of the court after a nonjury trial, which dismissed the complaint and the defendants' counterclaims. Judgment affirmed, without costs. No opinion. (For prior appeal, see 14 A D 2d 896; for prior related appeals, see Matter of Greenfield, 13 A D 2d 681, 774, 846, affd. 11 N Y 2d 747; Matter of Village of Suffern v. Realty Funds Corp., 12 A D 2d 769, mot. for rearg. den. 13 A D 2d 498.) Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.

ABRAHAM GREENFIELD, Respondent, v. CHARLES GREENFIELD et al., Individually and as Executors of JACOB GREENFIELD, Deceased, Appellants, et al., Defendants. CHARLES GREENFIELD et al., as Coexecutors of JACOB GREENFIELD, Deceased, Appellants, v. ABRAHAM GREENFIELD, Individually and as Coexecutor of JACOB GREENFIELD, Deceased, Respondent, et al., Defendants.— In an action pursuant to article 15 of the Real Property Law (now

Real Property Actions and Proceedings Law, art. 15), to quiet title to real property, in which the defendants Charles Greenfield and Isidore Greenfield, individually and as executors of the estate of Jacob Greenfield, deceased, interposed certain counterclaims and cross claims, said defendants appeal from a judgment and an amended judgment of the Supreme Court, Rockland County, respectively entered October 11, 1963 and December 31, 1963 upon the court's decisions and opinions after a nonjury trial, in the plaintiff's favor for the relief demanded in the amended complaint and dismissing said counterclaims and cross claims on the merits. No appeal has been taken from the amended judgment insofar as it preserves the tax liens of the United States of America and the State of New York. Appeal from original judgment of October 11, 1963 dismissed as academic. Amended judgment modified on the law as follows: (a) by striking therefrom the provision that defendants' counterclaims and cross claims be dismissed on the merits; and (b) by substituting therefor a provision that they be deemed withdrawn. As so modified, the amended judgment, insofar as appealed from, is affirmed, without costs. The findings of fact are affirmed. It was agreed on the trial that evidence on defendants' cross claims and counterclaims would be reserved; that if the trial court awarded judgment to the defendants on the complaint, then the cross claims and counterclaims were to be deemed withdrawn; otherwise they would subsist for further proceedings. Since no evidence with respect thereto had been received, the amended judgment, as respects the cross claims and counterclaims, cannot be considered to have been on the merits (*Mink* v. *Keim*, 291 N. Y. 300); and they should be deemed withdrawn. (For companion appeal decided herewith, see *Greenfield* v. *Realty Funds*, 21 A D 2d 806.) Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.