Breitel, J. (dissenting).
As the court holds, CPLR 3216 was intended to undo the rule in Mink v. Keim (291 N. Y. 300) by empowering the court to dispose finally of a neglected cause of action through dismissal “ on the merits ”. Yet, by permitting defendant, whose cause of action had been dismissed in a prior action brought by him, to assert the same claim as a defense and counterclaim in this action, the court undercuts the statutory purpose of preventing harassment and promoting security for persons faced with reluctantly prosecuted claims. The court’s approach denies the dismissing court the power finally and effectively to dispose of a plaintiff’s action. Indeed, on the facts of this case, it renders a dismissal on the merits all but the absolute equivalent of a dismissal not on the merits. Moreover, this result is contrary to the policies and doctrine of res judicata, which the statute sought to invoke when it provided that dismissals for nonprosecution may be “ on the merits ”.
The earlier dismissed action had been brought by defendant Noto “ pursuant to the provisions of Article 15 of the Real Property Law ” for a judgment declaring that plaintiff Headley had no interest in certain developed real property in Brooklyn. Defendant Noto asserted a claim to equitable title and to specific *6 performance of a contract of sale made with one Michael de Pino (plaintiff Headley’s predecessor) and also alleged that he was then in possession of the said premises. After numerous, extended delays, and a refusal to proceed when the case was reached for trial, defendant Noto’s complaint was dismissed ‘1 on the merits ’ ’.
The present ejectment was brought by plaintiff Headley to recover possession of the land in question and for damages representing the value of use and occupation of the premises. Defendant Noto asserted, as an affirmative defense, that he had acquired title by purchase from Michael de Pino. In addition, his answer set forth a counterclaim 1 ‘ pursuant to Article 15 of the Beal Property Actions & Proceedings Law ” for a judgment barring plaintiff Headley from all claims in the property.
If the dismissal on the merits of Noto’s complaint for a judgment barring Headley’s claims means anything it is that, as between these two parties, a foundation fact for that dismissal is that Noto does not have a superior claim of title. The logical corollary of this proposition is that Noto may not resist Headley’s claim for ejectment by reassertion of a claim of title in.contradiction of the prior judgment. It is repugnant to any realistic application of res judicata that inconsistent results be reached in the present ejectment action and the prior, dismissed, action for declaratory relief. Whether by operation of the rules of direct or collateral estoppel, Headley should not be required again to disprove Noto’s claim of title.
It is old law that if the two causes of action are so intimately related that a contrary judgment in the second action would destroy or impair ‘1 the substance of the rights or interests established in the first action ”, the bar is applied (Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N. Y. 304, 308; cf. Reich v. Cochran, 151 N. Y. 122, 126; Von Moschzisker, Res Judicata, 38 Yale L. J. 299, 312-314). Alternatively, the lack of any valid claim of title in Noto may be viewed as a “ fact ” conclusively established by the prior dismissal on the merits and assertible by way of collateral estoppel in this action. This is analogous to the rule that a default judgment conclusively establishes those facts properly pleaded in the complaint (see, e.g., Ann.: Default Judgment-Res Judicata, 77 ALR 2d 1410, 1424, 1427 ; 2 Black, Judgments [2d ed.], § 697).
*7 The court holds that the dismissal would bar another action by Noto, but concludes nevertheless that the claim of title is assertible as a counterclaim in Headley’s ejectment action. This distinction is unsound in principle and has no foundation in authority. Traditionally, the preclusive effect of a judgment has been deemed to extend in like degree to subsequent actions and counterclaims (see, e.g., Restatement, Judgments, § 48, Comment b). Moreover, the proffered analogy to the rule permitting claims barred by the Statute of Limitations to be set off against other affirmative claims is inapposite. In the first place, the Statute of Limitations generally bars only the remedy and rarely affects the underlying claim. Second, the relief sought in the instant counterclaim is hardly in the nature of a setoff, but rather requests a declaration of title — a form of affirmative relief. Third, the policies underlying the Statute of Limitations—for instance, protection against stale claims — are not affected if the defendant himself chooses to bring the matter to court.
If res judicata bars Note’s counterclaim in this action it should also be held to preclude his affirmative defense based in this same claim of title. Otherwise, a decision in favor of Noto on this action would leave the property in limbo, with neither party in a position to claim title. Avoiding such an anomaly is a factor to be considered in determining res judicata effect, for the doctrines of res judicata are based on pragmatic considerations. Nor is it correct that the title to the property will be in limbo if the issue cannot be retried in this case. The judgment in this case in favor of plaintiffs would settle title and the right to possession as between these parties, and that indeed is so because the first action, on this analysis, accomplished as much.
For these reasons plaintiffs’ motion for summary judgment was properly granted and defendant’s answer and counterclaim properly stricken. Accordingly, I dissent and vote to affirm the order of the Appellate Division.
Chief Judge Fuld and Judges Burke, Scileppi and Keating concur with Judge Jasen ; Judge Breitel dissents and votes to affirm in a separate opinion in which Judge Bergan concurs.
Judgment reversed, without costs, and matter remitted to Supreme Court, Kings County, for further proceedings in accordance with the opinion herein.