■ SE DAE YANG et al., Appellants, v KOREA FIRST BANK, Respondent, et al., Defendants. [668 NYS2d 363] —Judgment, Supreme Court, New York County (Lewis Friedman, J.), entered December 20, 1996, dismissing the complaint as against defendant-respondent, and bringing up for review a prior order which granted defendant-respondent's motion for summary judgment dismissing the complaint as barred by res judicata, unanimously affirmed, without costs.

Defendant-respondent bank obtained a default judgment against plaintiffs in a Queens County Supreme Court foreclosure action. That court thereafter denied two motions by plaintiffs to vacate the default judgment and for leave to file an answer to the complaint, in which motions plaintiffs blamed their defaults on the ineffectiveness of prior counsel and argued that the bank had been negligent in releasing proceeds of their construction loan to the contractor, without having in place controls ensuring that the contractor, who is not amenable to suit, had performed the work. Plaintiffs abandoned their appeal from the first Queens County order and commenced the instant action asserting, as against the bank, claims of fraud and malfeasance in the administration of their mortgage loan. The IAS Court correctly dismissed on res judicata grounds. New York's permissive counterclaim rule does not allow a party "to remain silent in an action in which he is the defendant and then bring a second action seeking relief inconsistent with the judgment in the first action by asserting what is simply a new

legal theory" (*Modell & Co. v Minister of Refm. Prot. Dutch Church*, 68 NY2d 456, 461; *cf., Classic Autos. v Oxford Resources Corp.*, 204 AD2d 209). Thus, plaintiffs' present claim is barred by res judicata because it could have been raised as a defense in the first action, and would, if recognized, "destroy or impair the 'rights * * * established by the first [action]'" (*supra,* at 461; *see, Robbins v Growney*, 229 AD2d 356). We have considered plaintiffs' other contentions and find them to be without merit. Concur—Ellerin, J. P., Nardelli, Rubin and Mazzarelli, JJ.