■ Eduardo Santiago et al., Appellants, v Hamid I. Lalani et al., Respondents. [681 NYS2d 577] —In an action, *inter alia,* to

recover damages for breach of contract, the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Belen, J.), dated December 12, 1997, as granted that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (5).

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants in the action at bar (hereinafter referred to collectively as Lalani) previously commenced an action against the plaintiffs (hereinafter referred to collectively as Santiago) in the Supreme Court, Nassau County, to recover damages for, among other things, certain wrongful acts in connection with the financial management of Lalani's medical practice. When Santiago failed to timely answer the complaint in the Nassau County action, Lalani obtained a default judgment, and the court denied Santiago's motion to vacate that judgment. Santiago's proposed answer included three counterclaims to recover damages, *inter alia,* for breach of contract and fraud based on the same agreement for the management of Lalani's medical practice.

Santiago subsequently commenced the present action in the Supreme Court, Kings County, to recover damages for, among other things, breach of contract and fraud. The allegations in the complaint are essentially the same as those in the counterclaims in Santiago's proposed answer in the Nassau County action. The Supreme Court granted Lalani's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) based on the doctrine of collateral estoppel. We note that, while the appeal at bar was pending, this Court affirmed the order of the Supreme Court, Nassau County, denying Santiago's motion to vacate the default (*see, Lalani v Santiago,* 248 AD2d 595).

We conclude that the complaint was properly dismissed, although our determination is based on the doctrine of res judicata, rather than collateral estoppel. "Under New York's transactional-analysis approach to res judicata, 'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred even if based upon different theories or if seeking a different remedy'" (*Joem Intl. v Swedwall, Inc.,* 215 AD2d 530; *see also, O'Brien v City of Syracuse,* 54 NY2d 353; *Koether v Generalow,* 213 AD2d 379). The doctrine is applicable to a judgment taken by default which has not been vacated, as well as to defenses which were or could have been raised in the action (*see, Sterling Doubleday Enters. v Marro,* 238 AD2d 502; *Robbins v Growney,* 229 AD2d 356). The claims asserted by Santiago clearly arise out of the

same agreement to manage Lalani's medical practice which was at issue in the Nassau County action.

Furthermore, although New York does not have a compulsory counterclaim rule, "a party is not free to remain silent in an action in which he is the defendant and then bring a second action seeking relief inconsistent with the judgment in the first action by asserting what is simply a new legal theory" (*Modell & Co. v Minister, Elders & Deacons of Ref. Prot. Dutch Church,* 68 NY2d 456, 461; *see also, Se Dae Yang v Korea First Bank,* 247 AD2d 237). Santiago's present claims are barred by the doctrine of res judicata as they could have been raised as defenses in the Nassau County action and, if accepted, would impair Lalani's rights established in that action. Rosenblatt, J. P., O'Brien, Sullivan, Krausman and Florio, JJ., concur.