**Gary FARRELL, Plaintiff–Appellant,**

**v.**

**Madeline CASSANO, Pasquale J. Desimini, and Goldfarb & Goldfarb, Defendant–Appellee.**

**Docket No. 01–7809.**

United States Court of Appeals, Second Circuit.

April 29, 2002.

**12**

Gary Farrell, Brooklyn, NY, pro se, for Appellant.

Meryl L. Wenig, Brooklyn, N.Y. (Mark S. Friedlander, Jeffrey M. Rosenberg, on the brief), for Appellee.

Present WINTER, McLAUGHLIN and POOLER, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

Gary Farrell appeals from the June 1, 2001 opinion and order for the United States District Court for the Eastern District of New York (Ross, *J.*) granting defendants' motion for summary judgment and denying plaintiff's motion for summary judgment. For the reasons given below, we affirm. In addition, Farrell moved this court on April 2, 2002, seeking the recusal of the court and transfer of this appeal to another Circuit on the grounds that he did not believe he could get a fair hearing in the Second Circuit. The motion is DENIED.

Farrell began renting the basement apartment in a two-family dwelling in Brooklyn from Rose Desimini on a month-to-month basis in May 1993. In May 1994, Rose Desimini transferred ownership of her house to her children, defendants Madeline Cassano and Pasquale Desimini (the "Owners"). The children placed the property up for sale in November 1999. After the property was put up for sale, Pasquale Desimini ("Desimini") states he told Farrell to begin looking for a new apartment because the property was being sold. Farrell alleges that a couple, an American wife and European husband, who were interested in letting Farrell remain as a tenant made an offer on the property which the Owners rejected.

The Owners accepted an offer for the property made by To Fai Yeung and Mei Qing Wong, a couple of Asian ethnicity, and entered into a contract of sale. That contract had a rider, dated February 9, 2000, requiring the Owners to begin eviction proceedings against Farrell. Farrell states the purpose was to vacate the apartment "so that [the buyers] could have a person or persons of Asian ethnicity reside in the apartment rather than [plaintiff] who is Caucasian." The Owners state the prospective buyers wanted Farrell out of the apartment so it could be occupied by members of their extended family, apparently also Asian.

After several conversations and exchanges of letters, Farrell refused to vacate the apartment. Desimini asked his attorneys, Goldfarb & Goldfarb, to commence a holdover proceeding against Farrell in housing court. Farrell received copies of a "Thirty Day Notice Terminating Monthly Tenancy" on April 3, 2000, advising him that summary removal proceedings would begin if he did not vacate the apartment by April 30, 2000. Farrell's check to Desimini for the April rent was refused and returned to him.

The prospective buyers cancelled their contract in April 2000. On April 24, 2000, Farrell began the instant action. At the end of May, defendants sent Farrell notice of the holdover proceedings in the state court. Farrell challenged the proceedings

on a number of grounds, including lack of jurisdiction for improper service. A hearing date of August 11, 2000, was set. The Owners failed to appear, and the housing court entered a default judgment against them for failing to appear.

Farrell alleged in his amended complaint that the defendants (1) violated the Fair Housing Act ("FHA"), 42 U.S.C. § 3604, by asking him to vacate the apartment to allow people of Asian ethnicity to live there; (2) defendants interfered with his right to exercise and enjoy his rights under the FHA by harassing, intimidating, threatening and retaliating against him; (3) defendants discriminated against him on the basis of race in contractual relations in violation of 42 U.S.C. § 1981; (4) defendants discriminated against him on the basis of race in a real property transaction in violation of 42 U.S.C. § 1982; (5) defendants conspired to violate his equal rights, equal privileges and immunities in violation of 42 U.S.C. § 1985(3); (6) defendant's neglect, failure and refusal to cease and prevent the conspiracy violated his rights under 42 U.S.C. § 1986; (7) defendants' efforts to force him to vacate the apartment violated New York State's Human Rights Law; (8) commencement of the eviction action and return of his April rent check was an intentional infliction of emotional distress; and (9) defendants brought the housing court action in retaliation for his filing of the instant lawsuit in violation of § 1985(2).

The district court granted defendants' motion for summary judgment, finding Farrell's failure to show the defendants acted with discriminatory animus fatal to the bulk of his claims. This appeal followed.

We review a grant of summary judgment *de novo*. *J.D. v. Pawlet Sch. Dist.,* 224 F.3d 60, 64 (2d Cir.2000).

■ Farrell first argues the district court erred in finding the state housing court default judgment had no *res judicata* effect. While New York state generally grants *res judicata* effect to default judgments, *Santiago v. Lalani,* 256 A.D.2d 397, 681 N.Y.S.2d 577 (2d Dept.1998), a judgment entered on plaintiff's default for failure to appear is not a judgment on the merits and does not have *res judicata* effect. *Commissioner of Social Services of County of Erie v. Hargrove,* 446 N.Y.S.2d at 715 (4th Dept.1981) *quoting Greenberg v. DeHart,* 4 N.Y.2d 511, 516–17, 176 N.Y.S.2d 344, 151 N.E.2d 891 (1958); *see also Med. Health Servs. v. Fountain Center Corp.,* 52 A.D.2d 621, 382 N.Y.S.2d 350 (2d Dept.1976). Thus, the default judgment entered here based on defendants' nonappearance as plaintiff in the state court housing action is not on the merits and has no *res judicata* effect.

■ Farrell next argues that the defendants' evidence was insufficient to support the district court's grant of summary judgment because the defendants did not "set forth any evidence or statement that they are competent to testify to the fact that the buyers wished members of their 'extended family' to reside in the apartment," which Farrell deems inadmissible hearsay. The proper focus of the inquiry, however, is why defendants acted as they did, because it is the defendants who are charged with acting in a discriminatory manner, not the prospective buyers. Thus, defendants are entitled to offer testimony accounting for their actions. The district court therefore properly credited defendants' testimony.

Next, Farrell argues the district court confused the *McDonnell Douglas* burden shifting analysis with the analysis required for summary judgment by failing to find defendants did not present sufficient evidence to show no triable issues of material fact remained. The familiar burden shifting analysis set forth in *McDonnell Doug-*

*las Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) applies in FHA cases. *Frazier v. Rominger,* 27 F.3d 828, 831 (2d Cir.1994). To make out a *prima facie* case of discrimination, plaintiff must show that (1) he is a member of the protected class; (2) he applied for, and was qualified to rent, the apartment; (3) he was rejected; and (4) the housing remained on the market. *Cabrera v. Jakabovitz,* 24 F.3d 372, 381 (2d Cir.1994). If plaintiff makes out a prima facie case, defendant may rebut by showing a legitimate, nondiscriminatory reason for denying plaintiff the housing. *Frazier,* 27 F.3d at 831. Regardless of the burden shifting, the "[u]ltimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 507, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993)(internal quotation marks omitted). Thus, when a defendant meets its burden of production and gives a nondiscriminatory reason for its actions, "the *McDonnell Douglas* framework—with its presumptions and burdens—is no longer relevant." *Id.* at 510, 113 S.Ct. 2742. Here, defendants met their burden of production by offering a legitimate, nondiscriminatory reason for seeking to evict Farrell. Farrell thus had to raise a question of material fact as to whether a discriminatory motive fueled the eviction. The record is bereft of any evidence supporting his discrimination claims. Nor do we find Farrell's insistence that defendants stated "there are issues which require a trial"—made in opposition to his summary judgment motion before their motion to dismiss was converted to one for summary judgment for the court—persuasive. Thus, summary judgment was properly entered as no question of material fact was raised.

We dispose quickly of Farrell's other claims. The district court correctly determined that Farrell failed to raise a viable claim of retaliation because the defendants served a thirty-day notice telling Farrell of their intent to have him evicted before he filed his federal suit. Nor can it be said that the eviction notice was frivolous on its face. The district court correctly determined Farrell's claims brought pursuant to §§ 1981,1982, 1985(e) and New York's Human Rights Law fail because there is no evidence in the record showing defendants were motivated by discriminatory animus. Finally, we do not find the district court created an "extended family exception" to the FHA.

We have examined the remainder of Farrell's arguments and find them without merit.